KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
MESSNER REEVES LLP
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone:     (702) 363-5100
Facsimile:     (702) 363-5101
E-mail: KWilson@messner.com
*Attorneys for Defendant*
*Four Seasons Hotels Limited*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA OLDS, an individual, | CASE NO: 2:23-cv-212-JCM-BNW |
| Plaintiff, | **DEFENDANT FOUR SEASONS HOTELS LIMITED'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CHAEL SONNEN, an individual, FOUR SEASONS HOTELS LIMITED, a foreign corporation, DOE INDIVIDUALS I-V, inclusive and ROE ENTITIES VI-X, inclusive, | |
| Defendants. | |

Defendant FOUR SEASONS HOTELS LIMITED ("Four Seasons"), by and through its counsel MESSNER REEVES LLP hereby files this Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6) or, in the alternative, Motion for Summary Judgment, pursuant to FRCP 12(c) and FRCP 56. Plaintiff's claims fail against Four Seasons as a matter of law because Plaintiff's exclusive remedy was through workers' compensation for any damages resulting from accidental injury or an occupational disease that were sustained in the course of Joshua Old's employment with Four Seasons.

15349.0001

This motion is brought pursuant to the attached memorandum of points and authorities, all papers and pleadings on file herein and any oral argument the Court chooses to entertain at any hearing on this matter.

DATED this 9th day of February 2023.

MESSNER REEVES LLP


KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone:  (702) 363-5100
Facsimile:  (702) 363-5101
E-mail: KWilson@messner.com
*Attorneys for Defendant*
*Four Seasons Hotels Limited*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Joshua Olds alleges that on or about December 18, 2021, while working as an employee of Defendant Four Seasons, he was "punched in the jaw" by Defendant Chael Sonnen.  *See* Amended Complaint, ¶ 6, attached hereto as Exhibit A.   Nevertheless, Plaintiff seeks tort recovery for negligence against Four Seasons.  Plaintiff specifically alleges that Four Seasons' personnel "made no attempts to prevent the situation" and failed to "train, supervise, or discipline its employees." *See* Amended Complaint, ¶ 46 and 60. Even if these allegations are accepted as true for purposes of this motion, Plaintiff's claims are statutorily barred by the Nevada Industrial Insurance Act (NIIA), which governs recovery for occupational accidents.

Under the NIIA because Plaintiff's alleged injury occurred while he was employed by Four Seasons, and because there is no allegation that Four Seasons deliberately and specifically intended

15349.0001

MESSNER REEVES LLP

to harm Plaintiff, his exclusive remedy against Four Seasons is the workers' compensation claim. Plaintiff has, in fact, filed a worker's compensation claim through Four Seasons' worker's compensation insurance company, Zurich, and has received benefits for alleged injuries and medical treatment. *See* Claim Number Search Notes, attached hereto as Exhibit B; Declaration of Taraneh Bazzaz, attached hereto as Exhibit C. Therefore, the Amended Complaint must be dismissed with prejudice as to Defendant Four Seasons.

## II.   STATEMENT OF FACTS

Plaintiff Joshua Olds was employed and working in the maintenance department for Defendant Four Seasons on or about December 18, 2021. Amended Complaint at ¶ 5 and 6. On or about December 18, 2021, Plaintiff was allegedly "punched in the jaw" by Defendant Chael Sonnen, who was a guest of Defendant Four Seasons at the time. Amended Complaint at ¶ 6.

In his Amended Complaint, Plaintiff specifically asserts claims against Four Seasons for negligence – premises liability, and negligent hiring and supervision. *See* Amended Complaint. In support of his claims against Four Seasons, Plaintiff asserts that Four Seasons personnel "made no attempts to prevent the situation at the time of the occurrence." Amended Complaint at ¶¶ 10, 46, and 58. Plaintiff further alleges that Four Seasons was negligent and failed to "safely and adequately maintain the subject property and specifically the acts and omissions of its guests." *Id*. at ¶ 48. In addition, Plaintiff alleges that Four Seasons was negligent in "hiring, retaining, failing to train, supervise, or discipline its employees." *Id.* at ¶ 60. The Amended Complaint fails, however, to allege that Four Seasons deliberately and specifically intended to cause injury to Plaintiff, which is required if Plaintiff is to overcome the exclusive remedy provisions of the NIIA.

15349.0001

**MESSNER REEVES LLP**

Following the alleged incident on December 18, 2021, Plaintiff filed a claim through worker's compensation on or about December 21, 2021. *See* Exhibits B and C.[1] That claim is currently open and ongoing, and Plaintiff has received benefits for medical expenses incurred to date. *Id.*

## III.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint when the allegations contained in the complaint fail to state a claim upon which relief can be granted. The court may properly dispense with a cause of action if it is not founded on law, or if it is demonstrated beyond doubt that a plaintiff has failed to state facts, which if accepted by the jury, would entitle the plaintiff to relief. *See generally* Vincent v. AutoZone, No. 5:20-CV-00186-M, 2020 WL 5824023 (E.D.N.C. Sept. 30, 2020); Jackson v. Blue Dolphin Commc'ns of N. Carolina, L.L.C., 226 F. Supp. 2d 785 (W.D.N.C. 2002).

Rule 12(d) provides that if, on a 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." 56(a) of the Federal Rules of Civil Procedure further provides that a "party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## IV.  LEGAL ARGUMENT

### A.  The Plain Language of the Nevada Industrial Insurance Act Bars Plaintiff's claims against Four Seasons

---

[1] The specific financial information has been redacted from the Claim Number Search Notes in Exhibit B but can be made available at the Court's request.

15349.0001

The purpose of the NIIA is "to ensure the quick and efficient payment of compensation to employees who are injured or disabled at a reasonable cost to the employers who are subject to the provisions of [chapters 616A to 617]." NRS 616A.010. Four Seasons qualifies for the protections of Chapter 617 because it provided insurance for occupational diseases through Zurich Insurance at the time of the subject incident in December 2021. *See* Exhibits B and C.

The NIIA specifically provides that the "rights and remedies provided…for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive…of all other rights and remedies of the employee, his or her personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury." NRS 616A.020(1). "Injury" or "personal injury" is defined as "a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result which is established by medical evidence." NRS 616A.265(1). "Accident" is specifically defined as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of injury." NRS 616A.030. The terms, conditions and provisions of the NIIA "for the payment of compensation and the amount thereof for injuries sustained…shall be conclusive, compulsory and obligatory upon both employers and employees." NRS 616A.020(2). Further, if an employer provides compensation pursuant to the NIIA, "the employer or any insurer of the employer is relieved from other liability for recovery of damages or other compensation for those personal injuries unless otherwise provided by the terms of [Chapter 616] of NRS. NRS 616B.612(4).

It is "well established that employers…are immune from liability under the Nevada Industrial Insurance Act." *Meers v. Haughton Elevator,* 101 Nev. 283 (1985). *See also Baiguen v. Harrah's Las Vegas, LLC,* 134 Nev. 597 (2018) ("The Nevada worker's compensation system provides the exclusive remedy an employee has against his or her employer for a work-related injury."). "In

15349.0001

exchange for the NIIA provisions and protections, covered employees and employers give up their common law remedies and defenses for workplace injuries." *Id.* at 599. "Thus, when an employee's injury occurs within the course of the employment and arises out of the employment, the employer is liable under the NIIA, and the employee may not sue the employer in court for negligence." *Id.* Further, "there is no requirement that the employee actually be capable of performing job duties or be actively engaged in those job duties at the time of the injury for it to occur in the course of employment." *Id.*

In *Baiguen, supra,* the Nevada Supreme Court was asked to determine whether a stroke that occurred while plaintiff was at work occurred in the course and scope of his employment and was compensable solely through worker's compensation. *Id.* In determining that worker's compensation was the employee's exclusive remedy, the Nevada Supreme Court noted that the plaintiff's claim was not that his employer, Harrah's, caused his stroke, but that Harrah's response to his stroke was inadequate. *Id.* at 602. The Court noted "that Harrah's might respond inadequately to [plaintiff's] stroke in the workplace, due to inadequate workplace policies, procedures, or training, is a risk related to [plaintiff's] employment. Such inadequate policies, procedures, and training are conditions of the workplace akin to well-recognized physical hazards." *Id.* The employer's alleged negligence was "inextricably linked" to workplace conditions including "its policies, procedures, and training." *Id.* at 603. "Thus, where an injury at work was exacerbated by the absence of (or failure to adhere to) a policy, procedure, or the necessary training to allow other employees to properly respond to such an injury, the workplace contributed to the injury and it arose out of the employment." *Id.* at 602.

All the facts pled by Plaintiff against Four Seasons bring Plaintiff's claims squarely within the purview of the NIIA and Plaintiff is therefore barred from further recovery against Four Seasons in this case. In his Amended Complaint, Plaintiff alleges that on December 18, 2021, he "was an

15349.0001

MESSNER REEVES LLP

employee of Four Seasons Hotels Limited." Amended Complaint, ¶ 16, 29, 43, 55.   Plaintiff "was working as maintenance at the hotel owned and operated" by Four Seasons when a hotel guest "initiated a physical altercation with Plaintiff wherein Plaintiff was punched in the jaw by Chael Sonnen." Amended Complaint, ¶ 17, 30, 44, 56.   Plaintiff further alleges that Four Seasons "personnel made no attempts to prevent the situation at the time of the occurrence." Amended Complaint, ¶ 46, 58.   Plaintiff claims that Four Seasons "owed a duty to the Plaintiff to ensure that the subject property would be safe and secure, preventing injury to its employee" and that Four Seasons "breached this duty by failing to safely and adequately maintain the subject property and specifically the acts and omissions of its guests." Amended Complaint, ¶ 47, 48.   Plaintiff further asserts that Four Seasons, "who was the employer of the Plaintiff at the time of the subject incident, had a duty to protect Plaintiff from harm resulting from its guest attacking an employee." Amended Complaint, ¶ 59. Defendant Four Seasons reportedly "breached that duty by hiring, retaining, failing to train, supervisor, or discipline its employees which resulted in the harm complaint of" by Plaintiff. Amended Complaint, ¶ 60.

Based on the allegations in Plaintiff's Amended Complaint, and his specific admission that he was an employee within the engineering department at the time of the alleged acts, Plaintiff's claims against Four Seasons are barred as a matter of law. Plaintiff's Amended Complaint and all claims against Defendant Four Seasons should therefore be dismissed.

**B.   Any Allegations of Intentional Conduct by Four Seasons Are Not Sufficient to State a Separate Intentional Tort Action to Avoid the Exclusive Remedy of the NIIA**

Plaintiff's Amended Complaint includes claims for assault and battery but are not specific as to a particular named Defendant, i.e. Four Seasons or Defendant Chael Sonnen.  Plaintiff's allegations suggest that these claims are specific to Mr. Sonnen; specifically, that Mr. Sonnen "initiated a

15349.0001

physical altercation with Plaintiff, wherein Plaintiff was punched in the jaw" by Mr. Sonnen and that "this attack rendered Plaintiff in imminent fear for his health, safety and welfare." *See* Amended Complaint at ¶ 17, 18, 29 and 30.  Plaintiff further alleges that he was "violently and offensively contacted by [Four Seasons'] guest Chael Sonnen. *See* Amended Complaint at ¶ 32.  Plaintiff goes on to allege that, "Defendant and Defendant's employee acted with intent to cause a harmful or offensive contact with the Plaintiff." *See* Amended Complaint at ¶ 34. Regardless of how these claims are phrased or alleged, Plaintiff's intentional tort claims do not state sufficient facts to exclude them from the exclusive remedy provision of the NIIA.

Nevada courts have created a limited exception to the exclusive remedy provisions of the NIIA for intentional torts.  The issue for this Court is whether Plaintiff's allegations of assault and battery are sufficient to state a claim for intentional tort. To avoid the exclusive remedy provisions under Nevada law, Plaintiff must allege facts in the Amended Complaint that demonstrate Four Seasons "deliberately and specifically intended to injure [him]." *Conway v. Circus Circus Casinos, Inc.*, 116 Nev. 870, 875 8 P.3d 837, 840 (2000)(the knowledge of an employer that employees were being exposed to noxious fumes and the failure to correct condition was not sufficient to state a claim for intentional tort that would avoid the exclusive remedy provision of the NIIA).  "Simply labeling an employer's conduct as intentional…will not subject the employer to liability outside workers' compensation." "The relevant inquiry is not the degree of negligence or even depravity on the part of the employer, but the more narrow question of whether the specific action that injured the employee was an act intended to cause injury to the employee." *Id.*  Specifically, "intent" or "intention" denotes a design or desire to cause the consequences of one's acts and a belief that given consequences are substantially certain to result from the acts.  *Mallin v. Farmers Ins. Exch.*, 108 Nev. 788, 791, 839 P.2d 105, 107 (1992)(quoting Restatement (Second) of Torts § 8A (1965)).

15349.0001

**MESSNER REEVES LLP**

Mere allegations are not sufficient to trigger an exception to the exclusive remedy of the NIIA. There must be an actual intent to cause to consequences arising from the alleged wrongful act or a substantial certainty that the consequences will result to avoid the exclusive remedy provisions of the act. *See Conway, supra* at 840, quoting 2A Arthur Larson & Lex K. Larson, *Workmen's Compensation Law* § 68.13 at 13–8)(noting that the employee must allege specific facts that show there was a deliberate and specific intent to injure, and "'[e]ven if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist…[or] willfully failing to furnish a safe place to work…this still falls short of the kind of actual intention to injure that robs the injury of accidental character.'")  In upholding the dismissal of the plaintiffs' complaint in *Conway,* the Nevada Supreme Court noted that the employees "failed to factually allege that [their employer] acted with deliberate and specific intent to injury them. A bare allegation is not enough. An employee must provide facts in his or her complaint which show the deliberate intent to bring about the injury." *Id.*

Plaintiff alleges no facts that indicate or even suggest that Four Seasons acted deliberately or with intent to cause his alleged injuries.  Rather, Plaintiff alleges that it was Defendant Sonnen who "initiated a physical altercation with Plaintiff" and punched him in the jaw and that he was "violently and offensively contacted by" Mr. Sonnen.  *See* Amended Complaint at ¶ 17 and 19.  Therefore, the identification of assault and battery claims in the Amended Complaint is not sufficient to allow Plaintiff to pursue tort claims against Four Seasons as it would render the "workers' compensation system…meaningless." *Conway* at 875, 840.  Thus, Plaintiff's claim for recovery under an intentional tort theory also fails and the Amended Complaint must be dismissed.

**C. Plaintiff Has Asserted a Workers' Compensation Claim and Received Benefits Through Zurich Insurance**

15349.0001

**MESSNER REEVES LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff has named Four Seasons as a Defendant in his personal injury action; however, it is undisputed that Plaintiff already elected to file a workers' compensation claim and has received compensation, to date, for medical expenses. *See* Exhibits B and C. Four Seasons provided worker's compensation coverage through Zurich Insurance, Policy No. WC-9377092, and Plaintiff filed his claim for worker's compensation benefits on or about December 21, 2021. *Id.* Plaintiff has received benefits for medical expenses incurred to date. *Id.* As noted previously, the NIIA specifically provides that the "rights and remedies provided…for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive…of all other rights and remedies of the employee, his or her personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury." NRS 616A.020(1). Plaintiff's workers' compensation claim is his exclusive remedy against Defendant Four Seasons as a matter of law. The claims asserted by Plaintiff in his Amended Complaint are an improper attempt to seek additional and duplicative recovery for a work-related injury. Pursuant to the plain language of the NIIA, Plaintiff's claims are barred as a matter of law and the Amended Complaint should be dismissed as to Defendant Four Seasons.

. . .

. . .

15349.0001

## V.     <u>CONCLUSION</u>

Plaintiff's exclusive remedy for his claims against Four Seasons is his pending, ongoing workers' compensation claim. The NIIA makes this clear.  Plaintiff cannot overcome the exclusive remedy of the NIIA and his claims against Four Seasons should be dismissed.

DATED this 9th day of February 2023.

MESSNER REEVES LLP

_____
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile:  (702) 363-5101
E-mail: KWilson@messner.com
*Attorneys for Defendant*
*Four Seasons Hotels Limited*

15349.0001

MESSNER REEVES LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the 9th day of February 2023, service of the above and foregoing **DEFENDANT FOUR SEASONS HOTELS LIMITED'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Michael R. Dufour, Esq.
Nevada Bar No. 13480
info@dufourlawpc.com
**DUFOUR LAW, P.C.**
1810 East Sahara Ave., Suite 589
Las Vegas, NV 89104
Phone 702-483-8015
*Attorneys for Plaintiff*

/s/ Veronica Pacheco
An employee of MESSNER REEVES LLP

15349.0001

# EXHIBIT A

Electronically Filed
12/19/2022 2:48 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
Michael R. Dufour
**DUFOUR LAW, P.C.**
Nevada Bar No.: 13480
1810 East Sahara Avenue, Suite 589
Las Vegas, NV 89104
Telephone: (702) 483-8015
Facsimile: (702) 825-0913
E-mail: info@dufourlawpc.com

Attorney for Plaintiff
JOSHUA OLDS, an individual

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOSHUA OLDS, an individual, | CASE NO. |
| Plaintiff, | DEPT. NO.: |
| vs. | **AMENDED COMPLAINT** |
| CHAEL SONNEN, an individual, FOUR SEASONS HOTELS LIMITED, a foreign corporation, DOE INDIVIDUALS I-, inclusive and ROE ENTITIES VI-X, inclusive, Defendants. | |

## AMENDED COMPLAINT

COMES NOW Plaintiff, JOSHUA OLDS, an individual. by and through his attorney, Michael R. Dufour, Esq. of DUFOUR LAW, P.C., for causes of action against named Defendants, does hereby complain, allege and aver, as follows:

## JURISDICTION AND VENUE

1. Plaintiff, JOSHUA OLDS is, and was, at all times mentioned herein, a resident of the County of Clark, State of Nevada.

1

2. Upon information and belief, Defendant FOUR SEASONS HOTELS LIMITED is and at all times relevant herein was, a foreign corporation, qualified and doing business in the County of Clark, State of Nevada.

3. The events which arc the subject of this action took place in Clark County, Nevada.

4. That the true names and capacities , whether individual, corporate, associate or otherwise, of Defendant(s), DOES I - V and ROE CORPORATIONS VI - X, are unknown to Plaintiff, who therefore sues said Defendant(s) by such fictitious names; Plaintiff is informed and believes and thereupon alleges that each of the Defendant(s) designated herein as a Doe or Roe is responsible in some manner for the events and happenings referred to and caused damages to Plaintiff as alleged herein and that Plaintiff will seek leave of this Court to amend this complaint and insert the true names and capacities when the same have been ascertained and enjoin such Defendant(s) in this action.

## **STATEMENT OF FACTS**

5. On December 18, 2021, Plaintiff Joshua Olds was an employee of Four Seasons Hotels Limited, located at 5960 S. Las Vegas Blvd., Las Vegas, Clark County, Nevada.

6. Plaintiff was working in the maintenance department for the hotel owned and operated by Defendant Four Seasons Hotels Limited, a guest of said Defendant, UFC fighter Chael Sonnen, initiated a physical altercation with Plaintiff, wherein Plaintiff was punched in the jaw by said individual.

7. That this attack rendered Plaintiff in imminent fear for his health, safety and welfare.

8. That Plaintiff was in fact violently and offensively contacted by Chael Sonnen, a guest of Defendant.

9. Plaintiff Joshua Olds was severely injured about his face and person causing serious injuries.

10. Four Seasons Hotels Limited personnel made no attempts to prevent the situation at the time of the occurrence.

11. That Defendant Four Seasons Hotels Limited is and at all times relevant was responsible for maintaining the subject restaurant property in a safe environment for its employees.

2

12. As set forth above, Defendant Four Seasons Hotels Limited was negligent, careless, and reckless in failing to maintain a safe environment for its employees, specifically by failing to prevent its guest from attacking the Plaintiff.

13. As a result of the subject incident, Plaintiff has suffered physical injuries which necessitated significant medical care and treatment.

14. As a result of the incident, Plaintiff suffered severe physical pain and suffering.

## FIRST CAUSE OF ACTION
### (Assault)

15. The Plaintiff repeats and realleges all allegations contained in all previous paragraphs of this Complaint, as though set forth fully herein, and further alleges, as follows:

16. On December 18, 2021, Plaintiff Joshua Olds was an employee of Four Seasons Hotels Limited, located at 5960 S. Las Vegas Blvd., Las Vegas, Clark County, Nevada.

17. As Plaintiff was working as maintenance at the hotel owned and operated by Defendant Four Seasons Hotels Limited, a guest of said Defendant initiated a physical altercation with Plaintiff, wherein Plaintiff was punched in the jaw by Chael Sonnen.

18. That this attack rendered Plaintiff in imminent fear for his health, safety and welfare.

19. That Plaintiff was in fact violently and offensively contacted by the Defendant's guest, Chael Sonnen.

20. Plaintiff Joshua Olds was severely beaten about his face and person causing serious injuries.

21. That Defendant's guest, Chael Sonnen, acted with intent to cause the Plaintiff harmful or offensive contact, the result of which was the Plaintiff apprehending imminent contact.

22. That the foregoing constitutes assault of the Plaintiff by Defendant's guest, Chael Sonnen.

23. As a direct and proximate result, Plaintiff suffered and will continue to suffer severe, serious, and disabling personal injuries.

24. As a result of said injuries, Plaintiff has been required to engage the services of certain health care providers for his medical care, and that said injuries have caused Plaintiff to suffer severe pain, both physically and emotionally.

AMENDED COMPLAINT

25. As a result of the foregoing, the Plaintiff has been damaged in an amount presently unknown and should be awarded the same.

26. Upon information and belief, the Defendant's acts, as complained of herein, were undertaken willfully, intentionally, maliciously and/or with reckless disregard for the rights of the Plaintiff, warranting an award of punitive damages, to be determined at the time of trial of this matter.

27. It has been necessary for the Plaintiff to retain the services of Dufour Law, P.C. to prosecute this action, and as such, a reasonable sum for attorney's fees and costs of suit should be awarded.

## SECOND CAUSE OF ACTION
### (Battery)

28. The Plaintiff repeats and realleges all allegations contained in all previous paragraphs of this Complaint, as though set forth fully herein, and further alleges, as follows:

29. On December 18, 2021, Plaintiff Joshua Olds was an employee of Four Seasons Hotels Limited, located at 5960 S. Las Vegas Blvd., Las Vegas, Clark County, Nevada.

30. As Plaintiff was working as maintenance at the hotel owned and operated by Defendant Four Seasons Hotels Limited, a guest of said Defendant initiated a physical altercation with Plaintiff, wherein Plaintiff was punched in the jaw by Chael Sonnen.

31. That this attack rendered Plaintiff in imminent fear for his health, safety and welfare.

32. That Plaintiff was in fact violently and offensively contacted by Defendant's guest Chael Sonnen.

33. Plaintiff Joshua Olds was severely beaten about his face and person causing serious injuries.

34. Defendant and Defendant's employee acted with intent to cause a harmful or offensive contact with the Plaintiff.

35. As fully described herein, a harmful contact with the Plaintiff by Defendant's guest Chael Sonnen directly resulted.

36. That the foregoing constitutes a battery of the Plaintiff by Defendant and Defendant's guest Chael Sonnen.

4

37. As a direct and proximate result, Plaintiff suffered and will continue to suffer severe, serious, and disabling personal injuries.

38. As a result of said injuries, Plaintiff has been required to engage the services of certain health care providers for his medical care, and that said injuries have caused Plaintiff to suffer severe pain, both physically and emotionally.

39. As a result of the foregoing, the Plaintiff has been damaged in an amount presently unknown and should be awarded the same.

40. Upon information and belief, the Defendant's acts, as complained of herein, were undertaken willfully, intentionally, maliciously and/or with reckless disregard for the rights of the Plaintiff, warranting an award of punitive damages, to be determined at the time of trial of this matter.

41. It has been necessary for the Plaintiff to retain the services of Dufour Law, P.C. to prosecute this action, and as such, a reasonable sum for attorney's fees and costs of suit should be awarded.

### THIRD CAUSE OF ACTION
**(Negligence-Premises Liability as to Defendant Four Seasons Hotels Limited)**

42. The Plaintiff repeats and realleges all allegations contained in all previous paragraphs of this Complaint, as though set forth fully herein, and further alleges, as follows:

43. On December 18, 2021, Plaintiff Joshua Olds was an employee of Four Seasons Hotels Limited, located at 5960 S. Las Vegas Blvd., Las Vegas, Clark County, Nevada.

44. As Plaintiff was working as maintenance at the hotel owned and operated by Defendant Four Seasons Hotels Limited, a guest of said Defendant initiated a physical altercation with Plaintiff, wherein Plaintiff was punched in the jaw by Chael Sonnen.

45. Plaintiff Joshua Olds was severely beaten about his face and person causing serious injuries.

46. Four Seasons Hotels Limited personnel made no attempts to prevent the situation at the time of the occurrence.

47. That the Defendant owed a duty to the Plaintiff to ensure that the subject property would be safe and secure, preventing injury to its employees.

AMENDED COMPLAINT

48. The Defendant breached this duty by failing to safely and adequately maintain the subject property and specifically the acts and omissions of its guests.

49. This breach of duty constitutes negligence on the part of the Defendant.

50. As a direct and proximate result of the aforesaid negligence of the Defendant, Plaintiff suffered and will continue to suffer severe, serious, and disabling personal injuries.

51. As a result of said injuries. Plaintiff has been required to engage the services of certain health care providers for his medical care, and that said injuries have caused Plaintiff to suffer severe pain, both physically and emotionally.

52. As a result of the foregoing, the Plaintiff has been damaged in an amount presently unknown and should be awarded the same.

53. It has been necessary for the Plaintiff to retain the services of Dufour Law, P.C. to prosecute this action, and as such, a reasonable sum for attorney's fees and costs of suit should be awarded.

## **FOURTH CAUSE OF ACTION**
### **(Negligent Hiring and Supervision as to Defendant Four Seasons Hotels Limited)**

54. The Plaintiff repeats and realleges all allegations contained in all previous paragraphs of this Complaint, as though set forth fully herein, and further alleges, as follows:

55. On December 18, 2021, Plaintiff Joshua Olds was an employee of Four Seasons Hotels Limited, located at 5960 S. Las Vegas Blvd., Las Vegas, Clark County, Nevada.

56. As Plaintiff was working as maintenance at the hotel owned and operated by Defendant Four Seasons Hotels Limited, a guest of said Defendant initiated a physical altercation with Plaintiff, wherein Plaintiff was punched in the jaw by Chael Sonnen.

57. Plaintiff Joshua Olds was severely beaten about his face and person causing serious injuries.

58. Four Seasons Hotels Limited personnel made no attempts to prevent the situation at the time of the occurrence.

AMENDED COMPLAINT

59. Defendant Four Seasons Hotels Limited, who was the employer of the Plaintiff at the time of the subject incident, had a duty to protect Plaintiff from harm resulting from its guest attacking an employee.

60. Defendant Four Seasons Hotels Limited breached that duty by hiring, retaining, failing to train, supervise, or discipline its employees, which resulted in the harm complained of herein.

61. As a direct and proximate result of the aforesaid negligence of Defendant Four Seasons Hotels Limited. Plaintiff suffered and will continue to suffer severe, serious, and disabling personal injuries.

62. As a result of said injuries, Plaintiff has been required to engage the services of certain health care providers for his medical care, and that said injuries have caused Plaintiff to suffer severe pain, both physically and emotionally.

63. As a result of the foregoing, the Plaintiff has been damaged in an amount presently unknown and should be awarded the same.

64. It has been necessary for the Plaintiff to retain the services of Dufour Law, P.C. to prosecute this action, and as such, a reasonable sum for attorney's fees and costs of suit should be awarded.

WHEREFORE, Plaintiff prays for relief against the named Defendants, and each of them, as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For punitive damages in an amount to be fully ascertained at the time of trial of this action;

3. For costs and expenses of litigation;

4. For attorney's fees;

5. Pre- and post-judgment interest; and

6. For such other and further relief as this Court deems necessary and proper.

///

///

///

///

1

## __DEMAND FOR JURY TRIAL__

2      Plaintiff hereby demands a trial by jury.

3

4   Dated this **19th** day of December 2022.                    **DUFOUR LAW, P.C.**

5

6                                                                 */s/ Michael R. Dufour*

7                                                         _____
                                                         MICHAEL R. DUFOUR
8                                                         Nevada Bar No. 13480
                                                         1810 East Sahara Avenue, Suite 589
                                                         Las Vegas, NV 89104
9                                                         Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT

**EXHIBIT B**

**Data valued as of: 02/08/2023**

# Claim Number Search Notes



*Four Seasons*

| Claim # | Date of Loss | Setup Type | Paid Ind BI/Med | Rsvs Ind BI/Med | Recvy Ind BI/Med | Inc Ind BI/Med |
|---|---|---|---|---|---|---|
| Site Lowest | Dt Rptd to ZA | Status | Paid Ind PD/LT | Rsvs Ind PD/LT | Recvy Ind PD/LT | Inc Ind PD/LT |
| Claimant | Closed Date | Policy # | Paid Expense | Rsvs Expense | Recvy Expense | Inc Expense |
| Notes | Adjuster | | Paid Total | Reserves Total | Recovery Total | Incurred Total |
| **2230524721** | 12/18/2021 | R | $11,156.44 | $964.01 | $0.00 | $12,120.45 |
| **09-0013** | 12/21/2021 | Opened | $0.00 | $100.00 | $0.00 | $100.00 |
| Olds, Joshua V | 00/00/0000 | WC -9377092 | $1,125.60 | $1,739.56 | $0.00 | $2,865.16 |
| | Teresita  Avila | | **$12,282.04** | **$2,803.57** | **$0.00** | **$15,085.61** |
| **Acc Narr:** EE heard noise from inside a guest room where he was working. He stepped out into the hall and was hit in the face | | | | | | |

**EXHIBIT C**

KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
MESSNER REEVES LLP
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone:    (702) 363-5100
Facsimile:    (702) 363-5101
E-mail: KWilson@messner.com
*Attorneys for Defendant*
*Four Seasons Hotels Limited*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA OLDS, an individual, | CASE NO: |
| Plaintiff, | **AFFIDAVIT OF TARANEH BAZZAZ IN SUPPORT OF DEFENDANT FOUR SEASONS HOTELS LIMITED'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CHAEL SONNEN, an individual, FOUR SEASONS HOTELS LIMITED, a foreign corporation, DOE INDIVIDUALS I-V, inclusive and ROE ENTITIES VI-X, inclusive, | |
| Defendants. | |

I, TARANEH BAZZAZ, declare and state as follows:

1.    I am the Director of Finance for the Four Seasons Hotel in Las Vegas, Nevada.

2.    I have personal knowledge of the facts referred to in this affidavit and could competently testify to these facts if called upon to do so in a court of law.

. . .

. . .

Page **1** of **2**

15349.0001

3. Four Seasons provides workers' compensation insurance coverage and benefits through Zurich Insurance.

4. The document identified as Claim Number Search Notes is a true and correct copy of the information available to Four Seasons through Zurich Insurance and is current as of February 8, 2023.

5. As confirmed in the Claim Number Search Notes, Plaintiff Joshua Olds has received workers' compensation medical benefits through Zurich Insurance.

6. Pursuant to NRS § 53.045, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED this 9th day of February 2023.

_____
Taraneh Bozzaz

SUBSCRIBED and SWORN to before me
this _9_ day of February 2023.


_____
NOTARY PUBLIC in and for said
County and State
County of Clark
State of Nevada

DENISE DELLA ROCCA
NOTARY PUBLIC
STATE OF NEVADA
APPT. NO. 08-6609-1
MY APPT. EXPIRES FEBRUARY 01, 2024

Page 2 of 2

15349.0001

MESSNER REEVES LLP