1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Joshua Olds,

                    Plaintiff,

    v.

Chael Sonnen, et al.,

                    Defendants.

Case No. 2:23-cv-00212-JCM-BNW

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion to amend his complaint and motion to remand this case back to state court. ECF Nos. 20, 21. Because Plaintiff's motion to amend includes arguments addressing his motion to remand, the Court considers the two motions together. *See* ECF No. 20 at 14. Defendant Chael Sonnen responded at ECF Nos. 22, 23. Plaintiff did not reply to either response. For the reasons discussed below, the Court denies both motions.

**I.  BACKGROUND**

This is a personal injury case in which Plaintiff sued Four Seasons Hotels Limited ("Four Seasons"), Chael Sonnen, Does I-V, and Roe Corporations VI-X in state court. ECF No. 1-3 at 2. On February 9, 2023, Four Seasons petitioned for removal to federal court based on diversity jurisdiction, and it moved to dismiss all claims against it. ECF No. 1 at 2; ECF No. 5. The Court granted its motion a few weeks later. ECF No. 6. On January 11, 2024, almost one year after removal, Plaintiff moved to remand the case to state court. ECF No. 21. Also on January 11, 2024, approximately five months after the deadline to amend pleadings closed, Plaintiff moved to amend his complaint to name Mandalay Bay, LLC as the Roe Corporation VI defendant. ECF No. 16 at 2 (setting the deadline to amend the pleadings on August 9, 2023); ECF No. 20 at 3.

**II.  MOTION TO AMEND**

In his motion to amend, Plaintiff generally argues that he is seeking leave to amend in good faith and that justice requires the Court to grant the motion. *See* ECF No. 20 at 4–5. Mr.

1    Sonnen argues that the motion is untimely. ECF No. 23 at 3. Mr. Sonnen also argues that the

2    proposed amendment is prejudicial, unduly delayed, futile, and sought in bad faith. *Id.* at 5.

3        When a party moves to amend the pleadings after the expiration of the deadline

4    established in the scheduling order, courts review the request through a two-step process. First,

5    courts resolve the motion to amend the scheduling order, which is governed by the "good cause"

6    standard outlined in the Federal Rule of Civil Procedure 16(b). *See, e.g.*, *Johnson v. Mammoth*

7    *Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard

8    primarily considers the diligence of the party seeking the amendment." *Id.* at 609. The party

9    seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa*

10   *County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

11       In addition to showing good cause, Plaintiffs must also establish that their failure to act

12   was the result of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d

13   751, 764–65 (9th Cir. 2017); *see also* LR 26-3. The determination of whether neglect is excusable

14   is ultimately an equitable one, taking account of all relevant circumstances surrounding the

15   party's omission. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395

16   (1993). This equitable determination is left to the discretion of the district court. *See Pincay v.*

17   *Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

18       Here, Plaintiff moved to amend about five months after the deadline to amend the

19   pleadings closed. ECF No. 16 at 2 (setting the deadline to amend the pleadings on August 9,

20   2023); ECF No. 20 at 3 (moving to amend the complaint on January 11, 2024). Plaintiff does not

21   cite Federal Rule of Civil Procedure 16(b) in his motion, nor does he argue that good cause exists.

22   Moreover, Plaintiff does not argue that his untimely motion was the result of excusable neglect.

23   Because Plaintiff failed to establish good cause, even though it is his burden to do so, and because

24   Plaintiff has not shown excusable neglect, the Court denies Plaintiff's motion to amend.

25   Accordingly, the Court need not consider the parties' arguments under Federal Rule of Civil

26   Procedure 15.

27       Additionally, the Court notes that Plaintiff did not attach his proposed amended complaint

28   to the motion. Under Local Rule 15-1(a), "the moving party must attach the proposed amended

pleading to a motion seeking leave of the court to file an amended pleading." While Plaintiff's declaration stated that the proposed second amended complaint was attached as an exhibit, no proposed amended complaint was filed. *See* ECF No. 20-1. Thus, the Court further denies Plaintiff's motion on this basis.

**III.    MOTION TO REMAND**

The parties make three general arguments. First, Plaintiff argues that the defendant he seeks to name in his proposed amended complaint will destroy diversity jurisdiction. ECF No. 20 at 14. Second, Mr. Sonnen argues that the motion is untimely because it was not made within 30 days of removal. ECF No. 22 at 4. And third, Plaintiff argues that this case should be remanded to state court because complete diversity did not exist at the time of removal. ECF No. 21 at 6.

First, to the extent that Plaintiff argues that any new parties destroy diversity jurisdiction, the Court rejects this argument because it denies Plaintiff's motion to amend to name such new parties.

Second, the Court also rejects Mr. Sonnen's argument that Plaintiff's motion is untimely. Under 28 U.S.C. § 1447(c), a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Here, the 30-day deadline does not apply because Plaintiff moves to remand due to lack of subject-matter jurisdiction.

Third, the Court finds that complete diversity existed at the time of removal and continues to exist. A defendant may remove a case to federal court if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441, 1446. The Court does not consider the citizenship of defendants identified under fictitious names, such as Doe or Roe. 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *see also Satchell v. Lyft, Inc.*, No. 220CV01201KJDVCF, 2021 WL 641623, at *2 (D. Nev. Jan. 25, 2021) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)). Additionally, there is "no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's

citizenship for purposes of diversity jurisdiction." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

Here, at the time of removal, the parties in the case were Plaintiff, Mr. Sonnen, Four Seasons, Does I-V, and Roe Corporations VI-X. ECF No. 1-3 at 2. Plaintiff is a resident of Nevada, Mr. Sonnen is a resident of Oregon, and Four Seasons[1] is incorporated in Canada and has its principal place of business of there. ECF No. 21 at 4; ECF No. 1 at 2. As discussed above, the Court disregards the citizenships of Does and Roes for purposes of diversity jurisdiction. Thus, complete diversity existed at the time of removal because Plaintiff, Mr. Sonnen, and Four Seasons each had a different state or country of residence. Though Four Seasons is no longer a defendant in the case, diversity continues to exist between Plaintiff, Mr. Sonnen, and the remaining defendants Does I-V, and Roe Corporations VI-X. Accordingly, the Court denies Plaintiff's motion to remand.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

[1] Plaintiff seems to argue that no diversity exists because "Four Seasons Hotel Las Vegas" is and was "incorporated in and licensed to [sic] business in . . . Nevada." ECF No. 21 at 4. However, Plaintiff never named "Four Seasons Hotel Las Vegas" as a party. Plaintiff's complaint named "Four Seasons Hotels Limited" and stated that it is "a foreign corporation." ECF No. 1-3 at 2. Thus, the Court does not address whether "Four Seasons Hotel Las Vegas" breaks diversity.

1    **IT IS RECOMMENDED** that Plaintiff's motion to amend (ECF No. 20) be denied.

2    **IT IS FURTHER RECOMMENDED** that Plaintiff's motion to remand (ECF No. 21) be

3    denied.

4                                              **NOTICE**

5    This report and recommendation is submitted to the United States district judge assigned to this

6    case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may

7    file a written objection supported by points and authorities within fourteen days of being served

8    with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may

9    waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

10   1991).

11           DATED: June 4, 2024

12

13                                                 _____
                                                   BRENDA WEKSLER
14                                                 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28