# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| Joshua Olds, | Case No. 2:23-cv-00212-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Chael Sonnen, et al., | |
| Defendants. | |

Before the Court is Defendant Chael Sonnen's motion for sanctions. ECF No. 30. Plaintiff opposed and requested oral argument. ECF No. 31. Defendant replied at ECF No. 35. After reviewing the parties' arguments, the Court determines that oral argument is unnecessary. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

The parties are familiar with the facts of this case. Having just addressed two separate motions in this case, the Court is also familiar with this case's background. *See* ECF No. 40. As a result, the Court need not recap the facts here. However, the Court does summarize each party's arguments. Defendant moves the Court to dismiss Plaintiff's complaint in its entirety. ECF No. 30 at 7. He argues that this extreme sanction is appropriate because Plaintiff has failed to respond to written discovery and to appear at his deposition, resulting in substantial prejudice to him. *See id.* Plaintiff responds that his actions were due to Defendant's unwillingness to cooperate in discovery. ECF No. 31 at 3–4. Plaintiff also argues that Defendant did not meet his burden to meet and confer before filing this motion. *Id.* at 4.

The Court briefly addresses the meet-and-confer issue. Under Local Rule 26-6, the Court will not consider discovery motions unless the movant has made a good-faith effort to meet and confer before filing the motion. Here, Defendant reached out to Plaintiff four times to schedule a meet and confer. ECF No. 30-10 at 2 (January 12, 2024); ECF No. 30-11 at 2 (January 25, 2024); ECF No. 30-12 at 2 (January 29, 2024); ECF No. 30-15 at 2 (January 31, 2024). Plaintiff

responded on January 30, 2024, but did not address the meet-and-confer request. ECF No. 30-15 at 2. Defendant responded and again requested to meet and confer. *Id.* Defendant never received a response to his numerous requests prior to filing the instant motion. ECF No. 30 at 5. Thus, the Court finds that Defendant has met the Local Rule 26-6 requirement because he attempted, in good faith, to meet and confer with Plaintiff four times. The Court will not deny Defendant's motion because Plaintiff failed to respond to his attempts to comply with the Local Rules. Accordingly, the Court turns to the parties' other arguments.

**I.   ANALYSIS**

A party may move for sanctions under Federal Rule of Civil Procedure 37(d) when a party fails to appear for a properly noticed deposition or fails to serve its answers to interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1). Sanctions may include striking the pleadings or dismissing the action. Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court *must* require the party [and/or its attorney] to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (emphasis added). The Court first considers whether Plaintiff failed to appear for a properly noticed deposition and failed to comply with discovery before evaluating appropriate sanctions.

**A.   Failure to appear for deposition and answer discovery requests**

Here, Plaintiff failed to appear for his properly noticed deposition. Defendant's counsel reached out to Plaintiff's counsel multiple times to schedule Plaintiff's deposition before noticing it. ECF No. 30-2 at 2; ECF No. 30-3 at 2. Eventually, Plaintiff's firm replied and stated, "I am not sure whether I provided our client's availability but he is available January 12 at 10am." ECF No. 30-5 at 2. In turn, Defendant's counsel amended the notice to that date and time. *Id.* On January 10th at 5:07 p.m., one business day before Plaintiff's deposition, Plaintiff's counsel notified Defendant's counsel that the deposition could not proceed due to counsel's hearings in different cases. ECF No. 30-7 at 2. Defendant's counsel responded: "Unfortunately, given your history of non-responsiveness, the late notice of a conflict, and the close of discovery deadline, I cannot vacate tomorrow's deposition or agree to again waive the notice period, as I have already

extended that courtesy with no response." ECF No. 30-8 at 2. Defendant's counsel proceeded with the scheduled deposition and took the nonappearance of Plaintiff. ECF No. 30-9.

Plaintiff also failed to timely answer written discovery. Defendant served his first set of interrogatories and requests for production on Plaintiff on December 12, 2023. ECF No. 30-13 at 19, 28. Plaintiff answered the requests for production in March, approximately two months after discovery closed. *See* ECF No. 35 at 8; ECF No. 19 (discovery due by January 12, 2024). Defendant contests the sufficiency of these responses. ECF No. 35 at 9. The Court has reviewed Plaintiff's answers and agrees with Defendant that his responses are insufficient. *See id.* at 9–14. Additionally, according to Defendant, Plaintiff has still not served his answers to the first set of interrogatories. *Id.* at 8. The Court next considers proper sanctions.

### B. Sanctions

First, the Court considers whether Defendant's request for a dismissal sanction is appropriate. When considering a dismissal sanction for noncompliance with discovery, district courts weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). While dismissing the case would weigh in favor of the public's interest in expeditious resolution of litigation (factor one) and the Court's need to manage its docket (factor two), such a sanction would clearly prejudice Plaintiff (factor three). Moreover, the fact that public policy favors disposition of cases on their merits (factor four) and that less drastic sanctions are available here (factor five) weighs in favor of not dismissing the case. Because three factors, including the "key factors," weigh against dismissing the case, the Court will not impose a dismissal sanction. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) ("[T]he key factors are prejudice and availability of lesser sanctions.").

Second, the Court considers whether Plaintiff's failure to comply with discovery was substantially justified, or whether exceptional circumstances exist, such that the Court would not be mandated to award Defendant reasonable attorney's fees and costs for bringing this motion

and taking the nonappearance of Plaintiff. *See* Fed. R. Civ. P. 37(d); *see also Burks v. Stickney*, 837 F. App'x 829, 832–33 (2d Cir. 2020) (explaining that sanctions under Rule 37(d) may include reasonable fees and costs in connection to filing a motion for sanctions and that the district court did not abuse its discretion in ordering counsel to compensate opposing counsel for the late cancellation of depositions).

Conduct is substantially justified if reasonable people could differ as to the appropriateness of the contested action or if a genuine dispute existed. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1998). Defendant argues that Plaintiff has failed to comply with discovery by (1) not attending his deposition and (2) not answering, or not timely answering, Defendant's written discovery requests. As discussed below, the Court does not find that either of these failures was substantially justified.

Regarding the deposition, Plaintiff sought to cancel his deposition one business day in advance. ECF No. 30-8 at 2–3. His reasoning was that "plaintiff's counsel must appear at 2 Motions to Compel in Washington Superior Court, Clark County followed by a subsequent appearance against the City of Los Angeles, et al [sic] in opposition to 3 demurrers and 2 motions to strike." *Id.* at 2. Plaintiff's counsel should have known about these court appearances more than one business day before the deposition. Courts set these hearings well in advance. Reasonable people would agree that, given Plaintiff's excuse, his late notice was not appropriate. Therefore, the Court finds that Plaintiff's behavior in cancelling the late deposition was not substantially justified.

Regarding written discovery, Plaintiff responded to the requests for production two months after discovery closed, and he has still not responded to the interrogatories. *See* ECF No. 35 at 8; ECF No. 19 (discovery due by January 12, 2024). Plaintiff seems to argue that this noncompliance is substantially justified because he voiced his need for an "extension of discovery weeks prior to Defendant's initial request." ECF No. 31 at 3. Reasonable people would agree that merely asking counsel for an extension of discovery deadlines, before Defendant had even served his written discovery, does not substantially justify serving (deficient) answers two months after

the close of discovery, or not serving answers at all. Therefore, the Court finds that Plaintiff's behavior regarding written discovery is not substantially justified.

Lastly, Plaintiff has not put forth any exceptional circumstances that would make the award of attorney's fees and costs against him unjust.

## II. CONCLUSION

**IT IS ORDERED** that Defendant's motion for sanctions (ECF No. 30) is DENIED IN PART as to his request for dismissal of the case and GRANTED IN PART as to his request for sanctions under Rule 37(d).

**IT IS FURTHER ORDERED** that Plaintiff pay Defendant the reasonable attorney's fees and costs incurred to bring this motion for sanctions and to take the nonappearance of Plaintiff at the scheduled deposition. The parties are to meet and confer within 10 days of this order regarding reasonable attorney's fees and costs. To the extent that no agreement is reached, Defendant is to file a memorandum of costs.

**IT IS FURTHER ORDERED** that Plaintiff supplement his answers to the requests for production and serve his answers to the interrogatories within 30 days. Defendant will have 60 days to take the deposition of Plaintiff. The Court re-opens discovery for the limited purpose of completing the above. The Court warns Plaintiff that additional failures to comply with discovery may result in future sanctions, including dismissal of the case. *See* LR IA 11-8.

DATED: June 17, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE