UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSHUA OLDS, | Case No. 2:23-CV-212 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| CHAEL SONNEN, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Brenda Weksler's report and recommendation (ECF No. 40) to deny plaintiff Joshua Olds ("Olds")'s motion to amend his complaint (ECF No. 20) and motion to remand this case to state court (ECF No. 21). Plaintiff filed an objection to the report (ECF No. 42), to which defendant Chael Sonnen ("Sonnen") responded (ECF No. 46).

**I.    Background**

Given that this court has already explained the facts of this case in detail in its order granting defendant Four Seasons Hotels Limited ("Four Seasons")'s motion to dismiss (ECF No. 6), it will focus on the procedural issues only, as they are the subject of the magistrate judge's report.

This is a personal injury case arising from an altercation at the Four Seasons Hotel in Las Nevada on December 18, 2021.  (ECF No. 1-2 at 2).  Olds filed suit in state court against Four Seasons, Sonnen, and unidentified individuals and corporations.  (ECF No. 1-3 at 2).  On February 9, 2023, Four Seasons filed a petition for removal to federal based on diversity jurisdiction, and

**James C. Mahan**
**U.S. District Judge**

also moved to dismiss all claims asserted against it. (ECF No. 1 at 2; ECF No. 5). The court granted Four Seasons' motion. (ECF No. 6).

On January 11, 2024, almost a full year after Four Seasons removed this action, Olds moved to remand the case to state court. (ECF No. 21). That same day, and approximately five months after the deadline to amend pleadings had passed, Olds moved to amend his complaint to name Mandalay Bay, LLC ("Mandalay Bay") as a previously unidentified corporate defendant. (ECF No. 16 at 2; ECF No. 20 at 3).

Magistrate Judge Brenda Weksler issued a report and recommendation that this court should deny Olds' motion to amend his complaint and motion to remand. (ECF No. 40). Olds' objections, which total merely two and a half pages in length, are that (1) he was not reasonably aware that the case had been removed and (2) he was not reasonably aware of Mandalay Bay's true identity as a defendant until months later. (ECF No. 42 at 3).

Olds tacitly concedes that if the court denies his motion to amend, his motion to remand should also be denied, because diversity would stay in place and the court would retain subject matter jurisdiction over the parties. (*Id.* at 4). This court adopts the magistrate judge's report and recommendation in full.

## II.     Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to the assigned district judge's review. 28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a) ("[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3 . . . ."). The reviewing district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

**James C. Mahan**
**U.S. District Judge**

The district court applies a "clearly erroneous" standard to the magistrate judge's factual findings, whereas the "contrary to law" standard applies to the legal conclusions. *See, e.g.*, *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). However, if a party files written objections to the report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

### III. Discussion

Having reviewed the record and report, this court holds that the factual findings are not clearly erroneous and these legal holdings are not contrary to law. Accordingly, save for a *de novo* review of Olds' specific objections, this court will adopt in full Magistrate Judge Weksler's report and recommendation denying Olds' motion to amend his complaint and motion to remand the case to state court. (ECF No. 40).

A. <u>Motion to amend</u>

The court first addresses whether there is good cause to grant Olds' motion to amend his complaint.

When the deadline to file a motion to amend a pleading lapses, the burden is on the movant to show that there is good cause for the court to grant him leave to amend. *See* Fed. R. Civ. P. 16(b)(4). Good cause "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The focus of the inquiry is upon the moving party's reason for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

In addition to showing good cause, plaintiffs must also establish that their failure to act was the result of excusable neglect. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751,

**James C. Mahan**
**U.S. District Judge**

- 3 -

764-65 (9th Cir. 2017). The determination of whether neglect is excusable is ultimately an equitable one, taking into account all relevant circumstances surrounding the party's omission. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This equitable determination is left to the discretion of the court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

The magistrate judge's report provides that Olds' motion to amend his complaint is rife with procedural deficiencies. Specifically, Olds moved to amend roughly five months after the deadline to amend pleadings had closed, did not claim that good cause exists, and previously failed to attach his proposed amended complaint to his motion, contravening Local Rule 15-1(a). (ECF No. 40 at 2).

Olds objects to the findings in the report and states that the one-year delay in filing his motion to amend is warranted. He claims that (1) he was not reasonably aware that the case had been removed and (2) he was not reasonably aware of Mandalay Bay's true identity as a defendant until months later.

Olds' two objections, for which he fails to provide any factual support, do not constitute good cause. The state court filing was electronically served on Olds, and the petition for removal contains a certificate of service. (ECF No. 1 at 4). Michael Dufour, the attorney for Olds, is listed on the certificate. (*Id.*). There is simply no evidence to support Olds' claim that he did not receive service of process regarding the removal to federal court.

Assuming, *arguendo*, that Olds did not receive service, his motion would still lack merit. Correspondence between counsel for Olds and counsel for Sonnen demonstrates that as early as May 11, 2023, Olds was aware this case was in federal court. (ECF No. 46-2 at 2-3). Olds then proceeded to wait *eight months* to file his motion to amend. (ECF No. 20) (emphasis added). The

**James C. Mahan**
**U.S. District Judge**

- 4 -

court concurs with Sonnen's assertion that "[t]here is no good cause, there is no excusable neglect, and the [m]agistrate's ruling was [supported] by law and not clearly erroneous."

The court adopts Magistrate Judge Weksler's report and recommendation that Olds' motion to amend his complaint should be denied.

B. <u>Motion to remand</u>

As stated, *supra*, Olds concedes that if the court adopts the magistrate judge's recommendation to deny his motion to amend, his motion to remand should also be denied, because diversity would stay in place and the court would retain subject matter jurisdiction over the parties. (ECF No. 42 at 3). Therefore, the court need not evaluate the merits of Olds' motion to remand and will adopt Magistrate Judge Weksler's report and recommendation that it should be denied.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Weksler's report and recommendation (ECF No. 40) be, and the same hereby is, ADOPTED IN FULL.

IT IS FURTHER ORDERED that plaintiff Joshua Olds' motion to amend his complaint (ECF No. 20) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Joshua Olds' motion to remand this case to state court (ECF No. 21) be, and the same hereby is, DENIED.

DATED July 12, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -