UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Joshua Olds,<br><br>         Plaintiff,<br><br>   v.<br><br>Chael Sonnen,<br><br>         Defendant. | Case No. 2:23-cv-00212-JCM-BNW<br><br>**ORDER** |

Before this Court, for the third time, is Defendant's motion for case-terminating sanctions due to Plaintiff's counsel's repeated failure to comply with this Court's orders directing him to fully respond to Defendant's discovery requests. ECF No. 52. Plaintiff did not oppose the motion. Instead, he moved to extend his time to respond, twice. ECF Nos. 53 and 55. This Court granted the first motion to extend time. ECF No. 54. The second motion to extend time (ECF No. 55), to which Defendant opposed (ECF No. 57) and Plaintiff replied (ECF No. 59), is presently before this Court.

Plaintiff's counsel has still not fully responded to Defendant's discovery requests, even though this Court has given him numerous chances to do so. Therefore, this Court denies his second motion to extend time (ECF No. 55). It can no longer find good cause to give Plaintiff's counsel more time to respond to the third motion for sanctions. Additionally, this Court orders that Defendant's third motion for sanctions (ECF No. 52) be granted in part and denied in part. Plaintiff's counsel has failed, repeatedly, to comply with this Court's orders. However, sanctions less drastic than dismissal are available. This Court orders that Plaintiff's counsel be sanctioned at the cost of $150 per day until he fully complies with his discovery obligations. This sanction will take effect after the Court hearing scheduled for March 20, 2025.

//

//

## I. BACKGROUND

The procedural and factual history of this case is highly relevant to this Court's above decisions. The original discovery plan and scheduling order set the discovery cut-off date as November 7, 2023. ECF No. 16. Two weeks after discovery closed, the parties stipulated to reopen discovery until January 12, 2024, which this Court granted. ECF Nos. 18 and 19. Since then, this Court has reopened discovery (in a limited capacity) twice so that Plaintiff's counsel could comply with the court orders. ECF Nos. 41 and 50. Discovery closed for the last time on November 11, 2024. ECF No. 50.

### A. Defendant's First Motion for Sanctions

Defendant filed his first motion for sanctions in late February 2024, approximately six weeks after discovery closed. ECF No. 30. In that motion, Defendant claimed: "Plaintiff has not participated in the discovery process in any meaningful way throughout the pendency of the action." *Id.* at 6. Defendant moved for case-terminating sanctions under LR IA 11-8 and Federal Rules of Procedure 37(b) and 37(d) because Plaintiff's counsel did not respond to Defendant's written discovery (first set of requests for production and interrogatories) and cancelled Plaintiff's deposition at the last minute. *Id.*

Plaintiff filed his opposition one day late, on March 9, 2024, and attached responses to Defendant's requests for production. ECF No. 31. In response to Requests for Production Nos. 1, 6, 8–10, 21, 22, Plaintiff stated: "Plaintiff will comply. Documents responsive to this Demand are attached. Investigation and discovery are ongoing; therefore, responding party reserves the right to supplement and/or amend these responses." ECF No. 32-3, Ex. C. In response to Requests for Production Nos. 4, 5, 7, 11–20, Plaintiff stated:

> A diligent search and reasonable inquiry has been made in an effort to locate the requested documents. After a careful search and reasonable inquiry Responding Party cannot produce the requested documents because the documents in question have never existed. Investigation and discovery are ongoing; therefore, responding party reserves the right to supplement and/or amend these responses.

*Id.*

In the reply, Defendant's counsel explained that she received Plaintiff's responses to the first set of requests for production on March 11, 2024—almost 60 days past the close of

discovery—*as an attachment to Plaintiff's opposition to the first motion for sanctions*. ECF No. 35 at 8–9. Defendant noted that Plaintiff failed to respond to the first set of requests for interrogatories and authorization for release of worker's compensation records entirely, and that Plaintiff's responses to the requests for production were deficient. *Id.* at 9–12. For example, though Plaintiff's responses to Requests for Production Nos. 1, 6, 8–10, 21, 22 said that he attached responsive documents, Plaintiff never provided these documents to Defendant. *Id.* at 8. Additionally, stating that Plaintiff "will comply" is a nonresponse. *Id.* at 13. Defendant also noted that Plaintiff had not supplemented his initial disclosures since August 2023.

This Court entered an order granting in part and denying in part Defendant's first motion for sanctions. ECF No. 41. It found that Plaintiff cancelled his deposition last minute without good reason, that Plaintiff failed to answer Defendant's interrogatories, and that Plaintiff's responses to Defendant's requests for production were insufficient. *Id.* at 2–3. It further found that Defendant's counsel attempted to meet and confer with Plaintiff's counsel in good faith four times, but that Plaintiff's counsel never responded to the requests. *Id.* at 1–2. While this Court did award attorney-fee sanctions under Federal Rule of Civil Procedure 37(d), it declined to recommend that the case be dismissed because it found that less drastic sanctions were available. *Id.* at 3. Specifically, this Court ordered that:

> Plaintiff supplement his answers to the requests for production and serve his answers to the interrogatories within 30 days. Defendant will have 60 days to take the deposition of Plaintiff. The Court re-opens discovery for the limited purpose of completing the above. The Court warns Plaintiff that additional failures to comply with discovery may result in future sanctions, including dismissal of the case. *See* LR IA 11-8.

*Id.* at 5.

**B. Defendant's Second Motion for Sanctions**

This Court's above order required Plaintiff to supplement his written discovery responses by July 17, 2024. *On this day, at approximately 2:13 p.m.*, Plaintiff's counsel's office emailed Defendant's counsel to find out which discovery responses they were supposed to supplement. ECF No. 49-1, Ex. A. Plaintiff's counsel claimed they had provided answers to the interrogatories already. *Id.* After some back and forth, it became clear that Plaintiff's counsel's office served the interrogatory responses to a different law firm in a different case. *Id.* at 2–3. On July 18, 2024,

one day past the court-ordered deadline, Plaintiff's counsel served answers to the interrogatories and supplemental answers to the requests for production. ECF Nos. 49-6, Ex F, and 49-8, Ex. H.

Defendant moved for sanctions a second time in September 2024. ECF No. 49. Defendant's counsel explained that, after taking Plaintiff's deposition on August 13, 2024, "it became clear that Plaintiff's counsel had not produced various records in response to discovery." *Id.* at 3. After the deposition, the parties met and conferred. ECF No. 49-3, Ex. C, at 86–96. Defendant's counsel made clear that the following information was missing from Plaintiff's responses to the requests for production and interrogatories:

- Lien information for worker's compensation;
- Statement to police detective that Plaintiff testified he gave over the phone;
- Health visits to Concentra;
- Psychological treatment records from Dr. Park;
- HIPAA releases;
- Workers' compensation release;
- Physical therapy records;
- Employment records or information regarding the Mirage; and
- Medical records reflecting traumatic brain injury or treatment.

*Id.* at 86. Plaintiff's counsel disputed some of these requests during the meet and confer. *See id.* at 86–96. But Plaintiff did not oppose Defendant's second motion for sanctions or otherwise explain his position to the Court. Accordingly, this Court entered the following minute order on October 11, 2024:

> Before the Court is Defendant's motion for sanctions (ECF No. 49), in which Defendant asks this Court to dismiss the case because Plaintiff has again failed to cooperate in discovery. This motion is unopposed. As a result, the Court could grant Defendant's motion under Local Rule 7-2(d). But after considering the factors set forth in *In re Phenylpropanolamine Prod. Liab. Litig.*, the Court believes giving Plaintiff *one last chance to comply* is the proper remedy in this case. 460 F.3d 1217, 1226 (9th Cir. 2006). Nevertheless, under Federal Rule of Civil Procedure 11(c), Plaintiff will be responsible for paying attorney fees incurred by Defendant's instant motion. It is ordered that Plaintiff has thirty days to supplement each deficient discovery request identified by Defendant in its motion. The Court will reopen discovery for thirty days for this limited purpose. The Court cautions Plaintiff to read each request carefully and to confer with Defendant's counsel should he have any doubts or questions. If, after thirty days, the Court receives an

additional motion for failure to fully respond to the discovery requests, the Court is very likely to find that no lesser sanction short of dismissal will remedy the issue.

ECF No. 50 (emphasis added).

### C. Defendant's Third Motion for Sanctions

According to the above order, Plaintiff's supplemental responses to discovery were due on November 11, 2024. *Id.* That day, Plaintiff served supplemental responses to the interrogatories. ECF No. 52-5, Ex. E. Plaintiff did not supplement his responses to the requests for production. *See* ECF No. 52 at 10. Moreover, Plaintiff's counsel did not attempt to clarify or otherwise confer with Defendant's counsel about the missing discovery. *Id.* at 5.

Defendant filed his third motion for sanctions on November 21, 2024. ECF No. 52. Defendant again stated that "Plaintiff has failed to cooperate in any meaningful sense in the discovery process for this claim." *Id.* at 6. Plaintiff did not supplement his responses to Interrogatories Nos. 10, 11, 14 20, 30, 31. ECF No. 52-5, Ex. E. Plaintiff did not supplement any of his responses to the requests for production. Defendant explained that the following information, which he sought in his prior motion for sanctions, was still missing:

- Employment records or information regarding the Mirage;
- HIPAA releases[1];
- Statement to police detective that Plaintiff testified he gave over the phone;
- Psychological treatment records;
- Lien information for workers' compensation;
- Workers' compensation release;
- Medical records;

*Id.* at 7–10.

#### 1. Plaintiff's First Motion to Extend Time

Plaintiff's response to the third motion for sanctions was due on December 5, 2024. ECF No. 52. On that day, Plaintiff filed his first motion to extend time. ECF No. 53. In that motion,

---

[1] Emails that Defendant's counsel asked Plaintiff's counsel to return the HIPAA authorizations back in November 2023. ECF No. 52-4, Ex. D.

Plaintiff sought an extension to respond to the Defendant's motion because:

- he had made six requests to medical providers and worker's compensation attorneys for records requested in the requests for production;
- he received various medical and billing records and was supplementing his responses to the written discovery requests;
- he was awaiting pending records regarding the lien information/release for worker's compensation and statement given to police.

*Id.* at 4–5. Plaintiff's counsel requested the worker's compensation documentation on November 12, 2024, one day after Plaintiff's court-ordered supplementation was due. ECF No. 53-3, Ex. C. Plaintiff's counsel received the additional medical and billing records on December 3, 2024. ECF No. 53 at 4. Despite the evidence that Plaintiff had (again) not complied with this Court's orders, it graciously granted Plaintiff's motion as another chance for him to comply. ECF No. 54. This Court found good cause because Plaintiff seemed to be making significant strides towards compliance, and it was aware of the case-terminating sanctions sought. *See id.* Plaintiff had until December 20, 2024, to respond to the motion for sanctions. *Id.*

  2.  *Plaintiff's Second Motion to Extend Time*

On the day the response was due, Plaintiff filed a second motion to extend time. ECF No. 55. Plaintiff stated that he supplemented his responses to the requests for production on December 20, 2024 (the same day he filed the second motion to extend time). *Id.* at 4; ECF No. 55-1, Ex. A. Plaintiff stated that he should receive an extension because:

- He had requested the subrogation ledger from the worker's compensation carrier;
- He requested additional medical billing records;
- He served amended responses on December 5, 2024.

*Id.* at 4. Plaintiff requested the subrogation ledger on December 20, 2024, the same day he filed the second motion to extend time. *Id.*

Defendant opposed the motion, primarily arguing that Plaintiff's request for more time was not to oppose the third motion for sanctions but to comply with this Court's order (which he should have already done). ECF No. 57 at 3. Defendant noted that Plaintiff's responses to

discovery remained, yet again, deficient. Many of the medical records were missing custodian of records certificates. *Id.* at 7. Plaintiff's counsel provided no update regarding computation of damages, as required by Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26(a)(1)(A)(iii), 26(e)(1) ("A party who has made a disclosure under Rule 26(a)—or who has responded to [written discovery requests]—must supplement or correct its disclosure or response: (A) in a timely manner [upon learning new information]; or . . . (B) as ordered by the court." Moreover, Defendant stated that he was still missing:

- Employment records or information regarding the Mirage;
- HIPAA releases;
- Statement to police detective that Plaintiff testified he gave over the phone;
- Psychological treatment records;
- (some) workers' compensation documentation;
- (some) medical records.

ECF No. 57 at 6–12.

Plaintiff replied in early January 2025. ECF No. 59. He said that he would file a response to the motion for sanctions "prior to the [sic] mid-January 2025, if possible." *Id.* at 3. Plaintiff argued that good cause exists because he provided the following discovery responses:

- Responses to Defendant's First Set of Interrogatories and Request for Production, served Production served March 9, 2024;
- Supplemental Responses to Defendant's First Set of Interrogatories and Request for Production, served July 18, 2024;
- Supplemental Responses to Defendant's First Set of Request for Production served August 3, 2024;
- Supplemental Responses to Defendant's First Set of Interrogatories, served November 8, 2024;
- Supplemental Responses to Defendant's First Set of Request for Production, served December 5, 2024;

- Supplemental Responses to Defendant's First Set of Request for Production served December 12, 2024.

*Id.* at 5. Plaintiff has yet to file a response to Defendant's third motion for sanctions.

## II. ANALYSIS

### A. Plaintiff's Second Motion to Extend Time

Courts may extend the time to respond to a motion for good cause. *See* Fed. R. Civ. P. 6(b). Under Local Rule IA 6-1, a motion to extend time "must state the reasons for the extension requested." In his motion, Plaintiff states that he is requesting an extension of time because: (1) he is making a diligent effort to comply with the Court's order at ECF No. 50; (2) he requested the subrogation ledger from the workers' compensation carrier; (3) he requested additional medical billing records; and (4) he served amended responses on December 5, 2024. ECF No. 55 at 4. Though Plaintiff states he is making a diligent effort to comply with this Court's orders, his actions tell a different story. Plaintiff asks for an extension based on records/responses that he should have requested/produced months ago. Moreover, discovery has been closed since November 11, 2024. ECF No. 50. Plaintiff has not moved to reopen discovery. In short, this Court cannot find good cause for a second time because Plaintiff requested some records that this Court ordered him to produce in July 2024, in October 2024, and again in November 2024.

### B. Defendant's Third Motion for Sanctions

Defendant seeks case-terminating sanctions under Local Rule IA 11-8. ECF No. 52 at 6. Under this local rule, "[t]he court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who . . . (e) [f]ails to comply with any order of this court." Local rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Defendant also cites Federal Rules of Civil Procedure 37(b) and 37(d).[2] ECF No. 52 at 10.

---

[2] Under Rule 37(d), a court may order sanctions if a party "fails to serve its answers, objections, or written response" to "interrogatories under Rule 33 or a request for inspection under Rule 34." Fed. R. Civ. P. 37(d)(1)(A)(ii). The Court declines to apply Rule 37(d) here because Plaintiff's counsel has not failed to respond to Defendant's interrogatory requests; Plaintiff's counsel has responded, albeit deficiently. And Defendant has not otherwise explained why this rule should apply.

The "very purpose" of Rule 37 is to ensure compliance with discovery orders. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991). Under Rule 37(b), "[i]f a party or a party's officer . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). This rule is not limited to certain discovery orders but applies to any order "to provide or permit discovery." Fed. R. Civ. P. 37(b) advisory committee's notes to 1970 amendment.

The available sanctions under Rule 37 are "not exclusive and arbitrary but flexible, selective, and plural." *Grimes*, 951 F.2d at 241 (citing C. Wright & A. Miller, Fed Practice and Procedure § 2281 (1970 & Supp. 1988)). "The court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." *Id.* This includes imposing proscriptive sanctions, also known as coercive sanctions, which are designed to compel a party to comply with a court's discovery order. *Id.* These types of sanctions are nondispositive, meaning a magistrate judge may enter an order (as opposed to a report and recommendation). *Id.* The court need not find contempt before imposing coercive sanctions. *Id.* "We hold that magistrates may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order." *Id.*

The Court first considers whether Plaintiff has failed to obey a discovery order before evaluating appropriate sanctions.

**A. Plaintiff's counsel has still not complied with this Court's discovery orders.**

In Defendant's second motion for sanctions, he made clear that the following information was missing from Plaintiff's counsel's responses to the written discovery: Mirage employment records, HIPPAA releases, statement to police, medical records, workers' compensation release, lien information. ECF No. 49-3 at 86. Plaintiff did not oppose or otherwise argue that he provided this information. Accordingly, this Court ordered Plaintiff's counsel "to supplement each deficient discovery request identified by Defendant in its motion" by November 11, 2024. ECF No. 50. Additionally, this Court cautioned Plaintiff's counsel "to read each request carefully and to confer with Defendant's counsel should he have any doubts or questions." *Id.*

In Defendant's third motion for sanctions, he stated that the following information was still missing: Mirage employment records, HIPPAA releases, statement to police, medical records, workers' compensation release, and lien information. ECF No. 52 at 7–10. To be clear, Defendant identified this same information as missing in his second motion for sanctions, and this missing information was subject of this Court's prior order. Plaintiff's most recent motion to extend time demonstrates that the above information was indeed missing as of December 20, 2024. ECF No. 55. In his motion, Plaintiff stated that he was awaiting pending records for the lien information, workers' compensation release, statement to police, and medical records. *Id.* at 4–5. In his response, Defendant stated that he was still missing this information. Accordingly, this Court finds that Plaintiff's counsel failed to obey a discovery order under Rule 37(b)(2)(A).[3] The Court next considers just sanctions.

### B. Dismissal is not warranted here because less drastic sanctions are available.

Defendant argues that the only appropriate sanction here is dismissal. No. 52 at 6. When considering a dismissal sanction for noncompliance with discovery, district courts weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Starting with prejudice (third factor), the Ninth Circuit has found that a "defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* (citing *Malone v. United States Postal Service*,

---

[3] Sanctions under this rule may be issued against a party, a party's attorney, or both. *See Herb Reed Enterprises, Inc. v. Monroe Powell's Platters, LLC*, No. 2:11-CV-02010-PMP, 2013 WL 3729720, at *10 (D. Nev. July 11, 2013), report and recommendation adopted, No. 2:11-CV-02010-PMP, 2013 WL 5278518 (D. Nev. Sept. 17, 2013) (citing Fed. R. Civ. P. 32(b)(2)(C)). Here, this Court issues sanctions against Plaintiff's counsel only because he is responsible for failing to obey the discovery orders.

833 F.2d 128, 131 (9th Cir. 1987)). "Failure to produce documents as ordered, however, is considered sufficient prejudice." *Id.* (citing *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982)). Here, as explained above, Plaintiff has repeatedly failed to produce documents to Defendant despite multiple court-orders. Thus, this factor weighs in favor of dismissal.

Turning to the availability of less drastic sanctions (fifth factor), the Ninth Circuit looks to whether a district court has properly considered three factors: (1) the feasibility of less drastic sanctions and why alternative sanctions would be inadequate; (2) whether the court previously implemented alternative methods of sanctioning or curing the malfeasance before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal before actually ordering dismissal. *Id.*; *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228–29 (9th Cir. 2006). The Court considers these factors together.

This Court has already sanctioned Plaintiff's counsel by imposing attorney's fees, twice. ECF Nos. 41 and 50. It has given Plaintiff's counsel extensions of time to comply and warned counsel that the case may be dismissed. ECF No. 41 ("The Court warns Plaintiff that additional failures to comply with discovery may result in future sanctions, including dismissal of the case. *See* LR IA 11-8."); *see also* ECF No. 50 ("If, after thirty days, the Court receives an additional motion for failure to fully respond to the discovery requests, the Court is very likely to find that no lesser sanction short of dismissal will remedy the issue.").

Still, sanctions less drastic than dismissal are feasible in this case. Though Plaintiff's counsel has put forth minimal effort to (partially and deficiently) comply with his discovery obligations, he has exhibited *some* effort. Because Plaintiff's counsel is moving towards producing the required discovery, this Court cannot say that dismissal is warranted yet or that alternative sanctions are inadequate. This Court believes a proscriptive sanction of $150 per day for each day of noncompliance should incentivize Plaintiff's counsel to finally comply with the

court's discovery orders.[4] Additionally, the Court finds that a hearing is necessary to clarify exactly what Plaintiff's counsel must produce to comply with his discovery obligations.

The five-dismissal factors are not conditions precedent but a "way for a district judge to think about what to do." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). "[T]he key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). In balance, the factors do not favor dismissal. While the prejudice to Defendant for failure to produce documents is "sufficient," this is not enough to tip the scales in favor of dismissal given the availability of less drastic sanctions.

### C. The Court must impose attorney's fees because Plaintiff's counsel's conduct was not substantially justified and no exceptional circumstances exist.

Rule 37(b) requires that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(C) (emphasis added). "Under Rule 37(b)(2) . . . the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)). Plaintiff did not oppose the motion for sanctions, nor did he otherwise explain why his delayed and deficient discovery responses were "substantially justified" or why exceptional circumstances exist here. Because Plaintiff did not meet his burden, this Court must order Plaintiff's counsel to pay Defendant his reasonable attorney's fees for bringing this motion.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's Motion to Extend Time (Second Request) (ECF No. 55) is DENIED.

---

[4] Several district courts in the Ninth Circuit have found proscriptive sanctions appropriate in similar circumstances. *See Williams v. Condensed Curriculum Int'l*, No. 20-CV-05292-YGR-RMI, 2021 WL 6621071 (N.D. Cal. Dec. 29, 2021) (awarding coercive sanctions in the amount of $1,000 per day for the defendant's repeated failure to comply with the court's orders granting plaintiff's requests to compel discovery); *see also Jensen v. BMW of N. Am., LLC*, No. 18-CV-103-WQH (NLS), 2019 WL 1545677 (S.D. Cal. Apr. 9, 2019) (awarding proscriptive sanctions in the amount of $200 per day for the defendant's repeated failure to produce certain discovery documents).

1    IT IS ORDERED that Defendant's Third Motion for Sanctions (ECF No. 52) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that a hearing is set for March 20, 2025, at 2:30 P.M. before the Honorable Brenda Weksler in Courtroom 3B. To appear remotely, parties are kindly directed to contact courtroom administrator Elvia Garcia at elvia_garcia@nvd.uscourts.gov no later than noon on the day prior to the hearing and no sooner than one week prior to the hearing. At this hearing, the Court will determine exactly what Plaintiff's counsel must do to comply with the Court's orders.

IT IS FURTHER ORDERED that, beginning on March 21, 2025, a sanction of $150 per day, payable by Plaintiff's counsel to the Clerk of Court, will continue accruing each day until Plaintiff's counsel fully complies with his discovery obligations, as will be determined at the hearing.

IT IS FURTHER ORDERED that Plaintiff's counsel pay Defendant the reasonable attorney's fees incurred to bring this motion for sanctions. The parties are to meet and confer within 10 days of this Order regarding reasonable attorney's fees. To the extent that no agreement is reached, Defendant is to file a memorandum.

Finally, the Court again warns Plaintiff's counsel that failure to fully comply with his discovery obligations, as will be stated in the upcoming hearing, will likely result in a recommendation that this case be dismissed.

DATED: March 14, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE