UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA OLDS,<br><br>　　Plaintiff<br><br>v.<br><br>CHAEL SONNEN,<br><br>　　Defendant | Case No.: 2:23-cv-00212-APG-BNW<br><br>**Order (1) Rejecting Proposed Pretrial Order and (2) Requiring Plaintiff's Counsel to Show Cause why Sanctions Should not be Entered**<br><br>[ECF Nos. 79, 81] |

　　Chael Sonnen filed an individual proposed Pretrial Order. ECF No. 79. This district's Local Rules 16-3 and 16-4 require the parties to submit a proposed Joint Pretrial Order (JPTO). Plaintiff's counsel Michael Dufour was required to take the initiative in preparing the JPTO. LR 16-3(b). Dufour apparently shirked that responsibility because Sonnen's proposed JPTO states that "[n]o communication was received from Plaintiff or his counsel regarding this proposed order as required by LR 16-3(b) . . . ." ECF No. 79 at 1. In response to that, Mr. Dufour moves to extend the JPTO deadline and asks that I hold Sonnen's proposed JPTO in abeyance and "set a prompt meet-and-confer deadline." ECF No. 81 at 1-2. In support of this request, Mr. Dufour declares that: "Since July 2024, my office has sent at least thirteen (13) separate meet-and confer emails to defense counsel regarding preparation, timing, and contents of the Joint Pretrial Order. The defense has not substantively engaged in those efforts. True and correct copies of representative communications are attached as Exhibit 'E.'" ECF No. 81 at 7. While Exhibit E contains several emails, not one of them discusses preparation of the JPTO. ECF No. 81-5. Thus, Dufour has compounded his failure to comply with the Local Rules by misrepresenting

facts to the court.  I order Dufour to show cause why he and his client should not be sanctioned for this conduct.

      Sonnen attempted to comply with the Local Rules by submitting an individual Pretrial Order, but I reject that because the Local Rules require the parties to file one jointly.  I will grant the parties additional time to submit a proposed JPTO.  Even though there are pending motions to strike documents, that does not excuse complying with the Local Rules and court orders setting deadlines.

      Dufour must initiate the preparation of the JPTO by personally—not through his paralegal—conferring with defense counsel in person or by phone or video—not through email or other written communication.  In hopes of avoiding having to reject another proposed JPTO, I point out to the parties that the JPTO must list each exhibit the parties intend to use at trial. LR 16-3(b)(8).  Simply listing every document that has been produced does not satisfy this rule.  The parties must identify the exhibits they can stipulate into evidence. LR 16-3(b)(8)(A).  The parties are to list objections to each exhibit they cannot agree upon. LR 16-3(b)(8)(B).  General objections to all exhibits will not suffice.  The parties also must list the witnesses they may call at trial. LR 16-3(b)(12).  Again, simply listing every person identified during discovery will not suffice.  The parties also must identify any depositions they intend to offer at trial, designating specific page and line numbers for each, and objections to those designations. LR 16-3(b)(10)-(11).

      Local Rule 16-3 requires the parties to personally discuss these and other issues.  Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement.  The parties cannot simply wait to make trial decisions until the eve of trial.  Such

tactics prevent full participation in settlement discussions and deprive the other side the ability to efficiently prepare for trial.

I THEREFORE ORDER that Chael Sonnen's proposed pretrial order (**ECF No. 79) is REJECTED.** The parties must confer as required in Local Rule 16-3 and submit a JPTO that complies with Local Rules 16-3 and 16-4 by August 28, 2025.

I FURTHER ORDER Mr. Dufour and plaintiff Joshua Olds to show cause why they should not be sanctioned for (a) failing to comply with Local Rule 16-3(b) by not initiating preparation of the proposed JPTO, and (b) apparently misrepresenting to this court communications with defense counsel about that JPTO. The failure to respond to this order by August 28, 2025 may result in sanctions against Mr. Dufour and his client, including dismissal of claims and disbarment from practicing in this court.

DATED this 14th day of August, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE