**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Joshua Olds,

               Plaintiff,

    v.

Chael Sonnen,

               Defendant.

Case No. 2:23-cv-00212-APG-BNW

**REPORT and RECOMMENDATION**

Before this Court is Defendant's motion to strike (ECF No. 71), Plaintiff's countermotion for sanctions (ECF No. 75), and Defendant's motion for case-dispositive sanctions (ECF No. 86). For the reasons discussed below, this Court recommends that Defendant's motion for sanctions be granted, the case be dismissed with prejudice, and the pending motions be denied as moot.

**I.    BACKGROUND**

The relevant procedural and factual history of this case is lengthy. Plaintiff's counsel, Mr. Dufour, has displayed a pattern of disobeying court orders and failing to follow local and federal rules since discovery commenced in July of 2023, and his behavior has continued to date, more than two-and-a-half years later. Since February of 2024, Defendant has filed four motions for sanctions (ECF Nos. 30, 49, 52, 86) and a motion to strike evidence (ECF No. 71). This Court has granted three of Defendant's motions in part and sanctioned Mr. Dufour, but it has declined to impose the severe sanction of dismissal until this point. ECF Nos. 41, 50, 52. Below, this Court summarizes the motions, orders, and facts that have led it to recommend dismissal of Plaintiff's case.

**A.  Plaintiff's Continued Discovery Deficiencies**

Plaintiff served his initial disclosures on August 3, 2023. ECF No. 71-1. The original discovery plan and scheduling order set discovery to close on November 7, 2023. ECF No. 16. Two weeks after discovery closed, the parties stipulated to reopen discovery until January 12, 2024, which this Court granted. ECF Nos. 18 and 19.

*1. Defendant's First Motion for Sanctions*

About six weeks after discovery closed for the second time, Defendant filed his first motion for sanctions. ECF No. 30. In that motion, Defendant claimed: "Plaintiff has not participated in the discovery process in any meaningful way throughout the pendency of the action." *Id.* at 6. Defendant moved for case-terminating sanctions under LR IA 11-8 and Federal Rules of Procedure 37(b) and 37(d) because Mr. Dufour did not respond to Defendant's written discovery (first set of requests for production and interrogatories) and cancelled Plaintiff's deposition at the last minute. *Id.* Defendant attached four exhibits of emails in which Defendant's counsel, Ms. Zinna, *repeatedly* reached out to Mr. Dufour (and copied his paralegal, Ms. Barrera) to schedule a meet and confer before filing the motion for sanctions. ECF No. 30-10 at 2 (January 12, 2024); ECF No. 30-11 at 2 (January 25, 2024); ECF No. 30-12 at 2 (January 29, 2024); ECF No. 30-15 at 2 (January 31, 2024).

Mr. Dufour filed his opposition one day late. ECF No. 31. He blamed Defendant's counsel, Ms. Zinna, for not cooperating in discovery. *Id.* at 3–4. Mr. Dufour also attached responses to Defendant's requests for production so that he could argue he provided them, "albeit tardy." *Id.* In response to Requests for Production Nos. 1, 6, 8–10, 21, 22, Mr. Dufour wrote: "Plaintiff will comply. Documents responsive to this Demand are attached. Investigation and discovery are ongoing; therefore, responding party reserves the right to supplement and/or amend these responses." ECF No. 32-3, Ex. C.

In the reply, Ms. Zinna explained that she received the responses to the first set of requests for production for the first time as an attachment to Plaintiff's opposition time (almost 60 days past the close of discovery). ECF No. 35 at 8–9. She noted that Plaintiff failed to respond to his first set of requests for interrogatories and authorization for release of worker's compensation records entirely, and that the responses to the requests for production were deficient. *Id.* at 9–12. For example, though Mr. Dufour's responses to RFP Nos. 1, 6, 8–10, 21, 22 said that he attached responsive documents, he never actually provided these documents to Defendant. *Id.* at 8.

This Court granted in part and denied in part Defendant's first motion for sanctions. ECF No. 41. It found that Mr. Dufour cancelled Plaintiff's deposition last minute without good reason,

that Mr. Dufour failed to answer Defendant's interrogatories, and that the responses to Defendant's requests for production were insufficient. *Id.* at 2–3. It further found that Ms. Zinna attempted to meet and confer with Mr. Dufour in good faith four times. *Id.* at 1–2. While this Court did award attorney-fee sanctions under Federal Rule of Civil Procedure 37(d), it declined to recommend that the case be dismissed because it found that less drastic sanctions were available. *Id.* at 3. Specifically, this Court ordered that:

> Plaintiff supplement his answers to the requests for production and served his answers to the interrogatories within 30 days. Defendant will have 60 days to take the deposition of Plaintiff. The Court re-opens discovery for the limited purpose of completing the above. The Court warns Plaintiff that additional failures to comply with discovery may result in future sanctions, including dismissal of the case. *See* LR IA 11-8.

*Id.* at 5.

### 2. Defendant's Second Motion for Sanctions

This Court's above order required Plaintiff to supplement his written discovery responses by July 17, 2024. On that day, at approximately 2:13 p.m., Mr. Dufour's office emailed Ms. Zinna to find out which discovery responses they were supposed to supplement. ECF No. 49-1, Ex. A. Mr. Dufour claimed he had provided answers to the interrogatories already. *Id.* After some back and forth, it became clear that Mr. Dufour's office served the interrogatory responses to a different law firm in a different case. *Id.* at 2–3. One day past the court-ordered deadline, Mr. Dufour served answers to the interrogatories and supplemented answers to the requests for production. ECF No. 49-6, Ex F; ECF No. 49-8, Ex. H.

Defendant moved for sanctions a second time in September 2024. ECF No. 49. Ms. Zinna explained that, after taking Plaintiff's deposition on August 13, 2024, "it became clear that [Mr. Dufour] had not produced various records in response to discovery." *Id.* at 3. After the deposition, counsel met and conferred. ECF No. 49-3, Ex. C, at 86–96. Ms. Zinna made clear that the following information was missing from Plaintiff's responses to the requests for production and interrogatories:

- o Lien information for worker's compensation;
- o Statement to police detective that Plaintiff testified he gave over the phone;
- o Health visits to Concentra;
- o Psychological treatment records from Dr. Park;

- o HIPAA releases;
- o Workers' compensation release;
- o Physical therapy records;
- o Employment records or information regarding the Mirage; and
- o Medical records reflecting traumatic brain injury or treatment.

*Id.* at 86. Mr. Dufour disputed some of these requests during the meet and confer. *See id.* at 86–96. But Plaintiff did not oppose Defendant's second motion for sanctions or otherwise explain his position to the Court. This Court entered a minute order noting that it could have granted the motion as unopposed. ECF No. 50. However, after considering the Ninth Circuit dismissal factors, this Court believed the proper remedy was to give Mr. Dufour *one last* chance to comply. *Id.* It ordered Mr. Dufour to supplement each deficient discovery request identified by Ms. Zinna in the motion no later than November 11, 2024, and it reopened discovery in a limited capacity until that date. *Id.* This Court did order Mr. Dufour to pay Defendant's attorney's fees incurred in bringing the motion. *Id.* Finally, it warned that it would very likely find that no lesser sanction short of dismissal would suffice if Mr. Dufour again failed to fully and timely respond to Defendant's discovery requests. *Id.*

### 3. Defendant's Third Motion for Sanctions

Defendant filed his third motion for sanctions on November 21, 2024. ECF No. 52. Defendant again stated that Mr. Dufour "has failed to cooperate in any meaningful sense in the discovery process for this claim." *Id.* at 6. Mr. Dufour served supplemental responses to the interrogatories on November 11, 2024—the last day of discovery. ECF No. 52-5, Ex. E. Defendant argued that these responses were incomplete as Mr. Dufour did not supplement the responses to Interrogatories Nos. 10, 11, 14 20, 30, 31 or any of the responses to the requests for production. *Id.* Moreover, Mr. Dufour did not attempt to clarify or otherwise confer with Ms. Zinna about the missing discovery. *Id.* at 5. Defendant explained that the following information, which he sought in his prior motion for sanctions, was still missing:

- o Employment records or information regarding the Mirage;
- o HIPAA releases[1];

---

[1] Ms. Zinna asked Mr. Dufour to return the HIPAA authorizations back in November 2023. ECF No. 52-4, Ex. D.

  o Statement to police detective that Plaintiff testified he gave over the phone;
  o Psychological treatment records;
  o Lien information for workers' compensation;
  o Workers' compensation release;
  o Medical records;

*Id.* at 7–10.

  Plaintiff did not file a response to the third motion for sanctions. Instead, he filed a motion to extend his time to respond because he was actively trying to obtain the required discovery. ECF No. 53. The attached exhibits showed that Mr. Dufour requested some of the discovery after the court-ordered deadline and while discovery was closed. ECF No. 53-3, Ex. C; ECF No. 53 at 4. Despite the evidence that Mr. Dufour had *again* not complied with this Court's orders, it graciously granted Plaintiff's motion to extend time to avoid leaving the motion for case-dispositive sanctions unopposed. ECF No. 54. It ordered that Plaintiff had until December 20, 2024, to respond to the motion for sanctions. *Id.*

  That day, Plaintiff filed a second motion to extend time. ECF No. 55. In the motion, Mr. Dufour stated that he supplemented his responses to the requests for production (he supplemented them that *same* day). *Id.* at 4; ECF No. 55-1, Ex. A. Mr. Dufour argued that he should receive an extension because he had requested discovery. ECF No. 55 at 4. Mr. Dufour requested some of the discovery the same day he filed the second motion to extend time. *Id.*

  Defendant opposed the motion, primarily arguing that Plaintiff's request for more time was not to oppose the third motion for sanctions but to comply with this Court's order (which he should have already done). ECF No. 57 at 3. Defendant noted that Plaintiff's responses to discovery remained, yet again, deficient. Many of the medical records were missing custodian of records certificates. *Id.* at 7. Mr. Dufour provided no update regarding computation of damages, as required by Federal Rule of Civil Procedure 26. Moreover, Defendant was still missing:

  o Employment records or information regarding the Mirage;
  o HIPAA releases;
  o Statement to police detective that Plaintiff testified he gave over the phone;
  o Psychological treatment records;
  o (some) workers' compensation documentation;
  o (some) medical records

*Id.* at 6–12.

Plaintiff replied in early January 2025. ECF No. 59. He said that he would file a response to the motion for sanctions "prior to the [sic] mid-January 2025, if possible." *Id.* at 3. Plaintiff argued that good cause existed because he had provided some discovery responses. *Id.* at 5. He never filed a response to Defendant's third motion for sanctions.

This Court denied Plaintiff's second motion to extend time. ECF No. 61 at 8. It explained that Plaintiff had not shown good cause merely because he had requested some records that this Court ordered him to produce in July 2024, in October 2024, and again in November 2024. *Id.* This Court further noted that discovery had been closed for four months. *Id.*

This Court also considered Defendant's third motion for sanctions. *Id.* at 10. It ultimately chose not to dismiss the case because lesser sanctions were available. *Id.* at 10–11. This Court noted that it had already sanctioned Mr. Dufour twice by imposing attorney's fees and that it had given him numerous chances to comply and warnings that the case could be dismissed. *Id.* at 11. Still, given the "minimal effort" by Mr. Dufour, it believed "a proscriptive sanction of $150 per day for each day of noncompliance should incentivize Plaintiff's counsel to finally comply with the court's discovery orders." *Id.* at 11–12. This Court set a hearing on March 20, 2025, at 2:30 P.M. to clarify exactly what Mr. Dufour must produce to comply with his discovery obligations. *Id.* at 12. It also ordered Mr. Dufour to pay Defendant's reasonable attorney's fees in bringing the motion. *Id.*

### 4. This Court's discovery hearings

On March 20, 2025, the day of the hearing, Mr. Dufour did not appear. ECF No. 62. Neither Mr. Dufour nor his office reached out regarding his non-appearance. The courtroom deputy emailed Ms. Barrera at 2:14 P.M. She responded at 2:35 P.M. that "[h]e might be out sick." In the middle of the hearing, Ms. Barrera emailed the courtroom deputy asking to move the hearing.[2]

---

[2] This information comes from the Court's recording of the hearing.

This Court set a status conference for the afternoon of March 25, 2025, and ordered Defendant to file a status report that morning regarding what discovery was still missing. ECF No. 62.

Mr. Dufour served Plaintiff's first supplemental disclosures on March 25, 2025, the day of the status conference. At the conference, this Court and the parties addressed each missing item of discovery in Defendant's status report. It set another status conference for April 9, 2025. ECF No. 64. Mr. Dufour served Plaintiff's second supplemental disclosures on April 2, 2025.

At the April 9th status conference, this Court noted that Mr. Dufour had still not complied with his discovery obligations, and it stated that the daily monetary sanctions remained in effect. ECF No. 66. Defendant filed a status report on April 11, 2025, indicating that Plaintiff had not cured his discovery deficiencies. ECF No. 68.

This Court held yet another status conference on April 28, 2025. ECF No. 70. Because Mr. Dufour has still not complied with his discovery obligations, this Court noted that if the "parties need to file any motion regarding discovery or sanctions, such motion will be due by May 15, 2025. Response due by May 28, 2025. Reply due by June 2, 2025." *Id.* It further ordered that Mr. Dufour was responsible for paying $150.00 starting daily on March 21, 2025, through April 9, 2025.[3] *Id.*

### 5.  *Defendant's Motion to Strike*

Consistent with this Court's above order, Defendant filed a motion to strike on May 15, 2025. ECF No. 71. In the declaration attached to the motion, Ms. Zinna stated that Mr. Dufour produced some additional discovery, but at least four sets of medical records were still missing a custodian of records certificate. *Id.* at 2. She further stated that Mr. Dufour had not provided HIPAA authorizations with a valid signature. *Id.* at 3.

So Defendant moves to strike the documents contained within Plaintiff's supplemental FRCP disclosures under Federal Rules of Civil Procedure 26(e) and 37(c)(1) because Mr. Dufour disclosed them late and without justification. In addition, Defendant moves to strike all of

---

[3] Mr. Dufour paid this sanction on May 2, 2025. ECF No. 72-3.

Plaintiff's disclosed medical and billing records as inadmissible under the Federal Rules of Evidence for lacking authenticating certificates from custodians of record. *Id.* at 3. By striking these documents, Defendant seeks to preclude their evidentiary use in motions, hearings, and at trial. *Id.*

Defendant explains that he is extraordinarily prejudiced because (1) Mr. Dufour introduced hundreds of pages of discovery well after the discovery period was closed; (2) his complete failure to provide HIPAA releases prevented Defendant from subpoenaing the medical records, evaluating facts related to Plaintiff's claimed injuries, and conducting sufficient expert discovery; and (3) his failure to provide authenticating certificates bars Defendant from verifying the completeness of the records provided. *Id.* at 13. Defendant states he has still not received the outstanding court-ordered discovery as of the date of filing the motion to strike (May 15, 2025).

Plaintiff filed two responses to this motion to strike, one on May 29, 2025, and the other on May 31, 2025. ECF Nos. 72 and 74. This Court made clear that responses to any motion(s) regarding discovery or sanctions were due May 28, 2025. ECF No. 70. Neither of the responses were timely (and the second one is really a supplement as to which he should have obtained previous court approval).

Plaintiff argues that FRCP 37, not FRCP 12(f), is the proper vehicle to seek sanctions. ECF No. 72 at 4. He argues he produced HIPAA authorizations "bearing Docusign-authenticated signatures." *Id.* at 6–7 (citing ECF No. 72-4, Ex. D). He further argues "he served affidavits of custodian of records to each medical provider which plaintiff addressed in his April 28, 2025, status report." ECF No. 74 at 10 (citing ECF No. 74-5, Ex. E). Plaintiff makes several arguments that Defendant/Ms. Zinna be sanctioned. ECF No. 72 at 7–8. This Court addresses those arguments when discussing Plaintiff's countermotion for sanctions.

Defendant replies that Plaintiff's response fails to provide any discussion explaining Plaintiff's substantial justification for (1) failing to provide sufficient HIPAA releases; (2) failing to provide custodian of records for all his disclosed medical records; and (3) his egregious delays in supplementing his disclosures. ECF No. 77 at 5. First, Defendant argues that Plaintiff *falsely* stated that he provided Docusign-authenticated signatures. *Id.* at 6. Defendant explains that,

contrary to Docusign's own e-signature requirements, Plaintiff's release page contains a signature for "Joshua Olds" but no verifying timestamps, serial numbers for audit or tracking purposes, or certificates of completion. *Id.* (citing ECF No. 74-4 at 3, 5, 7, 9, 11, 13, 15, 17, 19, and 21). Second, Defendant points out that the custodian of records Plaintiff allegedly served (attached at ECF No. 74-5) have no Bates stamps. *Id.* at 8. Thus, Defendant is unable to verify the location of those certificates within the disclosed evidentiary record. *Id.* Defendant further notes that two of the attached certifications are unsigned and unverified. *Id.*; *see* ECF No. 74-5 at 7–8. Regardless, Defendant argues that Plaintiff's supplements violate Rule 26 because they were filed over four months after discovery closed. ECF No. 77 at 9.

### 6. *Plaintiff's Countermotion for Sanctions*

Plaintiff filed a countermotion for sanctions on May 31, 2025. ECF No. 75. This was not timely filed per this Court's order either as a motion regarding discovery/sanctions (due May 15, 2025) or as a response (due May 28, 2025). *See* ECF No. 70. Mr. Dufour argues that Ms. Zinna ignored the meet-and-confer obligation; misrepresented to the Court that Plaintiff failed to produce the HIPAA authorizations; replicated previous motions for sanctions; and requested relief that was legally unavailable via a Rule 12(f) motion. ECF No. 75 at 4. He moves this Court to order Defendant to withdraw the motion to strike; pay his reasonable attorney's fees in responding; pay excess costs, expenses, and attorney's fees for multiplying the proceedings; impose monetary sanctions; and preclude Defendant from filing additional discovery motions without prior leave of court. *Id.* at 6.

Defendant responds that he never mentioned or made any argument under Rule 12, and that he was explicit in requesting Rule 37 relief. ECF No. 78 at 10. He further argues that even if Plaintiff's HIPAA authorizations were valid for discovery purposes, they were disclosed in April of 2025, months after this Court ordered Plaintiff to produce them and discovery closed. *Id.* at 11. This was in violation of Rule 26(e). *Id.* Defendant also argues the parties met and conferred in August regarding Plaintiff's discovery issues. *Id.* at 17. Finally, Defendant argues that he is not trying to replicate previous motions; rather, he has been forced to bring repetitive motions as a

result of Plaintiff's continued failure to provide the requested and court-ordered discovery. *Id.* at 3. Plaintiff did not file a reply.

### B. Chief Judge Gordon's Orders to Show Cause

#### 1. *The First Order to Show Cause (ECF No. 84)*

In August of 2025, Chief Judge Gordon found that although Mr. Dufour was licensed in Nevada, his CM/ECF account and the Nevada State Bar webpage showed that he was based in California and did not maintain an office in Nevada. ECF No. 84. This violated the district's local rules. *Id.* (citing Local Rule IA 11-1(b)(1)–(2) (explaining that "an attorney who is admitted to practice in Nevada but who does not maintain an office in Nevada" must associate or designate a local attorney who does maintain such an office)). He ordered that Mr. Dufour comply with the local rule or show cause in writing as to why he should not be required to comply with the rule. *Id.* The show cause response was due September 15, 2025. *Id.*

#### 2. *The Second Order to Show Cause (ECF No. 85)*

The parties' joint pretrial order ("JPTO") was due August 11, 2025. ECF No. 70. Defendant filed an individual, proposed pretrial order on that day. ECF No. 79. In that proposed pretrial order, Ms. Zinna declared that she received no communication from Mr. Dufour regarding the filing of the joint pretrial order. *Id.* at 1. Mr. Dufour filed a response in which he moved to extend the time to file a JPTO, hold Defendant's proposed pretrial order in abeyance, and "set a prompt meet-and-confer deadline." ECF No. 81 at 1–2. In support of his request, Mr. Dufour declared that his office had sent at least thirteen separate meet-and-confer emails to Ms. Zinna "regarding preparation, timing, and contents of the Joint Pretrial Order." *Id.* at 7 (citing ECF No. 81-5, Ex. E).

Chief Judge Gordon denied Defendant's proposed pretrial order because the local rules require proposed pretrial orders to be filed jointly. ECF No. 85 at 3. Chief Judge Gordon further ordered Mr. Dufour to show cause as to why he and his client should not be sanctioned for misrepresenting facts to the Court and for failing to comply with Local Rule 16-3(b) by not initiating preparation of the proposed JPTO. *Id.* at 1–3. He found that, contrary to Mr. Dufour's statements, none of the emails in his cited exhibit discussed preparation of the JPTO. *Id.* at 1.

"The failure to respond to this order by August 28, 2025, may result in sanctions against Mr. Dufour and his client, including dismissal of claims and disbarment from practicing in this court." *Id.* at 3.

### 3. Plaintiff's Responses to the Orders to Show Cause

Regarding the first order to show cause (ECF No. 84), Mr. Dufour declared that he accidentally entered his firm's California office address on the Nevada State Bar website and put his firm's Nevada office address as an alternate address. ECF No. 93 at 1–2. He stated that there was an "apparent failure to update the firm's Nevada office address in my CM/ECF Account." *Id.* at 1. Mr. Dufour explained that his firm has operated a multijurisdictional practice in Nevada since January 3, 2020, and has complied with the applicable Nevada rules for doing so. *Id.* at 2. He updated the State Bar webpage and CM/ECF account with the correct addresses on August 30, 2025. *Id.*

Regarding the second order to show cause (ECF No. 85), Mr. Dufour filed two responses (ECF Nos. 87 and 88). His response at ECF No. 87 was filed on time and, despite being titled as a response to Chief Judge Gordon's other order to show cause, it substantively addressed the misrepresentation and JPTO. *See* ECF No. 87 ("Response to 84 Order to Show Cause."). His response at ECF No. 88 was filed late (and really a supplement as to which he should have obtained previous court approval). He attached exhibits to his response at ECF No. 88 but not ECF No. 87.

In his timely response, Mr. Dufour wrote that he accepts full responsibility and that there was no intention to disregard the local rules or mislead the Court. ECF No. 87 at 2. He explained that the failure to initiate the JPTO was due to a calendaring oversight, and that he has implemented remedial measures to prevent the issue from happening again. *Id.* As to the misrepresentation, Mr. Dufour explained that "[t]he intended point was that counsel had repeatedly attempted to meet and confer with defense about discovery and exhibits that would bear on pretrial contentions." *Id.* at 3. He apologized for the error and said it was due to negligence, not improper purpose. *Id.* at 3–4.

Plaintiff did not file a JPTO by August 28, 2025, as ordered by Chief Judge Gordon. *See* ECF No. 85. Indeed, no JPTO has been filed to date, five months past the court-ordered deadline.

### C. Defendant's (Fourth) Motion for Sanctions

Defendant filed his fourth motion for sanctions on August 27, 2025. ECF No. 86. In the declaration attached to the motion, Ms. Zinna stated that six days went by before Ms. Barrera emailed her to set up a conference call. *Id.* at 3 (citing ECF No. 86-1, Ex. A) (email sent on August 20, 2025, at 3:55 P.M.). Ms. Zinna responded immediately and provided dates and times she was available. *Id.* (citing ECF No. 86-2, Ex. B). Ms. Barrera confirmed the teleconference for August 22, 2025, at 12:00 p.m. *Id.* (citing ECF No. 86-3, Ex. C). Ms. Zinna responded to clarify that she would have a court reporter in attendance for the conference. *Id.* (citing ECF No. 86-4, Ex. D).

The day before the scheduled conference, Ms. Zinna's office provided a conference call line call-in, and Ms. Barrera confirmed receipt. *Id.* (citing ECF Nos. 86-5 and 86-6, Exs. E and F). Six minutes before the conference call, Ms. Barrera emailed Ms. Zinna that Mr. Dufour was in a hearing and wanted to reschedule to August 25, 2025, at 2:00 P.M. *Id.* at 4 (citing ECF No. 86-8, Ex. H). Ms. Zinna said that she would be requesting fees but confirmed her appearance for August 25, 2025, at 2:00 P.M. and stated that a court reporter would be present. *Id.* (citing ECF No. 86-11, Exhibit K).

In the late morning of the 25th, Mr. Dufour sent Ms. Zinna a draft JPTO. *Id.* (citing ECF Nos. 86-12 and 86-13, Exs. L and M). Ms. Zinna joined the conference call at 2:00 P.M. *Id.* Mr. Dufour did not appear. *Id.* Ms. Zinna took his nonappearance at 2:15 P.M. *Id.* (citing ECF No. 86-14, Ex. N). Mr. Dufour left a voicemail for Ms. Zinna at 2:36 P.M calling for the "2:30 conference." *Id.* at 4–5. Ms. Zinna responded that the conference was set for 2:00 P.M. per his office's request, that she was not available that afternoon, that she would make herself available the next day at 9:00 A.M. or 2:00 P.M., and that she was leaving town on Thursday morning. *Id.* at 5 (citing ECF No. 86-16, Ex. P). Mr. Dufour did not respond. *Id.* Ms. Zinna emailed him the next day at 8:25 A.M. stating that she did not hear from him and now had other matters to attend to (and could not hire a court reporter for 9:00 A.M.). *Id.*

Defendant argues Mr. Dufour violated several rules, including: (1) failing to meet and confer before the deadline in violation of Local Rule 16-3 and FRCP 16; (2) failing to obey a court order giving him a second chance to file a JPTO in violation of the same rules; and (3) misrepresenting facts to the Court in violation of Rule 11. *Id.* at 7. Defendant further summarizes the numerous discovery deficiencies that Mr. Dufour has failed to cure despite numerous Court orders and sanctions. *Id.* at 8. "[T]his is the culmination of Plaintiff's obvious lack of respect for the judiciary." *Id.* at 7. Defendant seeks dismissal sanctions under Local Rules IA 1-3(f)(3) and 11-8 as well as FRCP 37. *Id.*

In his response, Mr. Dufour provides slightly different facts. He does not deny that he rescheduled the August 22, 2025, conference six minutes before the start time, but states that he needed to reschedule due to "an unexpected hearing conflict." ECF No. 89 at 3. Regarding the August 25, 2025, conference, he states that "[a]t 2:00 P.M., the scheduled conference did not connect due to an inadvertent miscommunication about initiating logistics." *Id.* Mr. Dufour attests that on August 28, 2025, the day the JPTO was due, he sent follow-up emails to Ms. Zinna to hold a conference that evening (stating he was available between 5:30 P.M. and 9:00 P.M.). *Id.*

Mr. Dufour argues that because Ms. Zinna filed the motion for sanctions the day before the JPTO was due, it was premature. *Id.* at 1. He further argues that he made good-faith efforts to meet and confer by (1) initiating the scheduling conference within six days of Chief Judge Gordon's order; (2) agreeing to Ms. Zinna's insistence on a court reporter; (3) promptly rescheduling after a calendar conflict; (4) circulating a draft JPTO; (5) calling Ms. Zinna twice; (6) and offering three "final windows of opportunities for an immediate, after-hours conference" on August 28th. *Id.* at 1–2. Mr. Dufour asserts that Ms. Zinna's insistence on a court reporter "introduced unavoidable obstacles." *Id.* at 5.

Furthermore, Mr. Dufour argues that dismissal is not warranted because there is no prejudice or bad faith. *Id.* at 2. He contends that any miscommunications were harmless and can be resolved through an order directing the parties to complete the conference and file the JPTO "on a short fuse." *Id.* at 6. He asserts that "the record reflects, at most, logistical miscommunications"—not willful or bad-faith noncompliance. *Id.* Finally, he appears to argue

that the Court cannot consider his discovery violations in the context of this motion. *Id.* ("The Court has already made clear that pending motions do not excuse JPTO compliance. By that same token, those disputes do not justify terminating sanctions in this meet-and-confer context.").

In the reply, Ms. Zinna takes issue with Mr. Dufour's version of the facts. She states that there were no "logistic" troubles with the second conference. ECF No. 91 at 3. She attests that in the voicemail Mr. Dufour left her around 2:36 P.M., he said: "It's Michael Dufour, just calling you for the 2:30 meet and confer." *Id.* (providing footnote of the full voicemail at n.2); *see also* ECF No. 88-2 (email in which Ms. Barrera writes that Mr. Dufour will initiate the call at 2:00 P.M.). Ms. Zinna further states that Mr. Dufour's third attempt to hold a pretrial conference on August 28, 2025, in the windows of 5:30 P.M. – 7:30 P.M. and 7:30 P.M. – 9:00 P.M. was not feasible as it was last minute, and she had previously told him she was unavailable this day. ECF No. 91 at 3.

Ms. Zinna argues that Mr. Dufour's attempts to blame her for requiring a court reporter and being unavailable for a last-minute conference ignore that he failed to appear at two of the pretrial conferences *he scheduled*. *Id.* at 4. She disagrees that Mr. Dufour acted in good faith by providing her a copy of a draft JPTO before their scheduled conference because she had barely three hours to thoroughly evaluate the draft, identify opportunities for revision, and implement any revisions needed. *Id.* at 8 (citing *Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 830–31 (9th Cir. 1986)). Finally, Ms. Zinna argues that lesser sanctions are not available because the Court's previous monetary sanctions and numerous warnings regarding dismissal and disbarment has triggered nominal substantive changes in Mr. Dufour's behavior. *Id.* at 9.

## II.   DISCUSSION

### A.  Legal Standard

Local Rule IA 1-3(f)(3) provides that the court may issue *any* sanction available under the FRCPs, statutes, or case law, as well as any appropriate sanction under Local Rule IA 11-8, for a party who fails to comply with the meet-and-confer requirement. In addition, Local Rule IA 11-8 states that the court may impose *any and all* appropriate sanctions, after notice or an opportunity to be heard, for a party who fails to comply with the local rules or fails to comply with an order of

the court. LR IA 11-8(c), (e). Local rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)).

Under FRCP 37, if a party fails to obey an order to provide or permit discovery, the court may issue sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Only willfulness, bad faith, and fault justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotation omitted). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citing *Hyde & Drath,* 24 F.3d 1162, 1166 (9th Cir. 1994)).

When a party seeks dismissal as a sanction, the court must weigh five factors before imposing such a sanction: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Regarding prejudice (third factor), the Ninth Circuit has found that a "defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* (citing *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). "Failure to produce documents as ordered, however, is considered sufficient prejudice." *Id.* (citing *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982)). Even if the party belatedly complies, such "[l]ast-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." *North American Watch Corp. v. Princess Ermine Jewels,* 786 F.2d 1447, 1451 (9th Cir.1986) (citations omitted).

Regarding the availability of less drastic sanctions (fifth factor), the Ninth Circuit looks to whether a district court has properly considered three factors: (1) the feasibility of less drastic

sanctions and why alternative sanctions would be inadequate; (2) whether the court previously implemented alternative methods of sanctioning or curing the malfeasance before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal before actually ordering dismissal. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1228–29 (9th Cir. 2006).

**B. This case should be dismissed under Local Rule IA 11-8 for Mr. Dufour's failure to meet and confer and to file a JPTO.**

Sanctions are warranted under Local Rule IA 11-8(c) and (e) because Mr. Dufour has repeatedly failed to comply with local rules and court orders. Mr. Dufour violated Local Rule 7-2(b) and (g) by failing to timely file motions/responses and by improperly filing supplements without leave of court. *See* ECF Nos. 31, 72, 74, 75.Mr. Dufour also violated Local Rule 16-3(b) when he failed to initiate discussion of the JPTO by not setting up a meet and confer. In addition to violating a local rule, this violated a court order. *See* ECF No. 85. To date, no JPTO has been filed despite it being due over five months ago. *Id.* This Court discusses the five dismissal factors below.

**C. This case should be dismissed under FRCP 37 due to Mr. Dufour's noncompliance with this Court's discovery orders.**

To start, this Court disposes of Mr. Dufour's argument that it cannot consider his prior misconduct in this motion for case-terminating sanctions. *See* ECF No. 89 at 6. As recognized by a court in this district, "[i]n deciding whether to grant sanctions, the court may 'properly consider all of a party's discovery misconduct . . ., including conduct which has been the subject of earlier sanctions.'" *Forsythe v. Brown*, 281 F.R.D. 577, 586 (D. Nev. 2012), *report and recommendation adopted*, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012) (quoting *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997)).

Turning to Rule 37, Mr. Dufour disobeyed numerous orders from this Court directing him to produce discovery. *See* Fed. R. Civ. P. 37(b)(2)(A); ECF Nos. 41, 50, 61. He also failed to timely supplement his disclosures under FRCP 26(e) upon learning that his responses were incomplete after the court ordered him to do so. *See* Fed. R. Civ. P. 37(c)(1)(C) (authorizing court to impose dismissal sanctions for failure to disclose or supplement under Rule 26(e)). Discovery

closed on January 12, 2024. ECF No. 19. This Court reopened discovery *twice*, in a limited capacity, to allow Mr. Dufour a chance to remedy his deficient and late discovery responses. ECF Nos. 41 and 50. Limited discovery closed on November 11, 2024. ECF No. 50. Mr. Dufour served his latest supplemental disclosures on March 25, 2025, and April 2, 2025—over a year after discovery closed and at least four months after limited discovery closed. ECF Nos. 71-2 and 71-3. To this Court's knowledge, he last supplemented the discovery responses on April 9, 2025. ECF No. 67.

In addition, Mr. Dufour's disobedient conduct was in his control and is sufficient to demonstrate willfulness, bad faith, or fault. For example, Mr. Dufour:

- Filed some discovery responses approximately sixty days after discovery closed and in a late opposition. ECF No. 32.

- Cancelled Plaintiff's deposition less than one business day in advance due to Mr. Dufour needing to attend hearings out of state (that this Court found he knew about well in advance). ECF No. 41 at 4.

- Falsely[4] stated that he attached responsive documents to his RFP responses but did not provide those documents to Defendant. ECF Nos. 32-3 and 35 at 3.

- Emailed Ms. Zinna the day the supplemental discovery was due (following this Court's order) to figure out what he needed to supplement, despite having 60 days to do so. ECF Nos. 41 and 49-1.

- Served interrogatory responses to the wrong firm. ECF No. 49-1.

- Served interrogatory and RFP responses after the court-ordered deadline, despite being given 60 days. ECF Nos. 49-6 and 49-8.

- Failed to supplement his disclosures during the discovery period, which resulted in much missing discovery over eight months after discovery had closed. ECF Nos. 49 and 50.

---

[4] In noting that Mr. Dufour made false statements, this Court is not deciding whether such misrepresentations were intentional.

- Failed to supplement discovery despite a second court order providing him yet another chance (and 30 days) to do so. ECF Nos. 50 and 52.
- Failed to oppose Defendant's third motion for sanctions, and instead filed two motions to extend time to respond on the grounds that he was actively trying to provide the missing discovery, all while his attached exhibits showed that his attempts to obtain the missing discovery occurred after the court-ordered deadline. ECF Nos. 53, 55, 61.
- Failed to appear at a hearing before this Court for his discovery violations. ECF No. 62.

Misrepresenting facts to this Court (even if unintentional), cancelling conferences and depositions last-minute, failing to appear at a court hearing with no notice or communication, waiting until the last minute to request or provide discovery, and failing to supplement discovery until more than eight months after discovery closed is all conduct within Mr. Dufour's control. Because he has *repeatedly* engaged in disobedient behavior over the past two years that is well within his control, this Court finds that his conduct is willful and in bad faith. *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citing *Hyde & Drath,* 24 F.3d 1162, 1166 (9th Cir. 1994)).

Next, this Court considers the two deciding dismissal factors: prejudice and lesser sanctions. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated . . . the third and fifth factors [] are decisive."). Starting with prejudice, Plaintiff has repeatedly failed to produce documents to Defendant despite multiple court-orders. This alone is enough to constitute sufficient prejudice. *See id.* (citing *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982)) ("Failure to produce documents as ordered, however, is considered sufficient prejudice.").

Plaintiff appears to argue that Defendant is not prejudiced because he has produced the requested discovery. *See* ECF No. 74 at 10. That does not matter. As explained in *Payne v. Exxon Corp.*, "[t]he issue is not whether [defendants] eventually obtained the information that they needed, or whether plaintiffs are now willing to provide it, but whether plaintiffs' repeated failure

to provide documents and information in a timely fashion prejudiced the ability of [defendants] to prepare their case for trial." 121 F.3d 503, 508 (9th Cir. 1997). *Payne* is particularly persuasive given the close factual similarities. There, the Ninth Circuit considered whether the district court abused its discretion by imposing dismissal sanctions due to the plaintiffs' repeated failure to adequately respond to discovery despite multiple court sanctions. *Id.* at 505–08. In concluding the district court properly dismissed the case, the Ninth Circuit found that the defendants were deprived of any meaningful opportunity to follow up on the discovery responses or to incorporate such responses into their litigation strategy because "[m]any of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed." *Id.* at 508.

Similarly here, even if Mr. Dufour adequately supplemented his disclosures and responses in April of last year, such supplements were provided over a year after discovery closed. Defendant had *no* opportunity to follow up, such as verifying the accuracy of Plaintiff's medical records, or to develop a litigation strategy based on those supplemental disclosures and responses. The prejudice to Defendant is great.

In addition, Mr. Dufour has not held a conference to discuss the JPTO or otherwise filed a JPTO. He contends that this is harmless and can be resolved through an order directing the parties to complete the conference and file the JPTO "on a short fuse." ECF No. 89 at 6. This argument ignores that Chief Judge Gordon *already* issued an order directing the parties to file a JPTO promptly. ECF No. 85. The lack of a pretrial meet and confer and JPTO has deprived Defendant of the opportunity to adequately prepare for trial.

Finally, no lesser sanctions are available. This Court has imposed sanctions of attorney's fees and costs three times. ECF Nos. 41, 50, and 61. It has ordered Mr. Dufour to pay daily monetary sanctions for failing to comply with discovery. ECF No. 61. It has warned Mr. Dufour numerous times that his case may be dismissed if he fails to comply with court orders. ECF Nos. 41, 50, and 61. Chief Judge Gordon has further warned that the case may be dismissed, and he provided Mr. Dufour a second chance to meet and confer and file a JPTO. ECF Nos. 84 and 85. Clearly, these sanctions have not been effective as no JPTO has been filed, and this Court is again

dedicating its time and resources in resolving a *fourth* motion for sanctions due to Mr. Dufour's continued noncompliance with court orders and local and federal rules.

This Court does not recommend dismissal lightly. It regrets that Plaintiff will lose his opportunity to have his case decided on the merits. However, this Court cannot ignore that Mr. Dufour has continued his noncompliant behavior for the past year and half, despite alternate sanctions and warnings, and that Defendant has been severely prejudiced as a result. Dismissal is the only remaining sanction.

Because this Court recommends that the case be dismissed, it further recommends that the pending motion to strike, countermotion for sanctions, and orders to show cause be found moot.

### III.   CONCLUSION

**IT IS RECOMMENDED** that Defendant's Fourth Motion for Sanctions (ECF No. 86) be **GRANTED,** and this action be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Strike (ECF No. 71) and Plaintiff's Countermotion for Sanctions (ECF No. 75) be **DENIED as MOOT**.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 5, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE